## Spencer v. Absco Inc.

*Timothy Hough,* for plaintiffs.

*Theodore Chylack,* for defendant Commonwealth of Pennsylvania.

BRODY, *J.,* July 12, 1990 — This case arises from an auto accident on June 29, 1982, at the intersection of Pennsylvania Route 309 and Hartman Road in Montgomery County. This court's order of March 20, 1990, granted a motion for summary judgment for the defendant Commonwealth of Pennsylvania. Plaintiffs have appealed this order to Commonwealth Court.[1]

## BACKGROUND

On June 29, 1982, the decedent, Roseann Spencer, was traveling in the left-hand southbound lane of Route 309. Defendant Margaret Hughes was stopped in the left-hand lane just over the crest of a hill waiting to make a left turn onto Hartman Road. Defendant Greg Pavlik, traveling just ahead of the decedent, swerved to avoid hitting Hughes' stopped car. As the decedent approached the crest of the hill, she encountered Pavlik's car colliding with Hughes' stopped vehicle. The decedent swerved to the left, entering the northbound lanes of Route 309. A tractor-trailer owned by defendant Absco Inc. struck the car driven by the decedent, fatally injuring her. Plaintiffs brought suit against Pavlik, Absco

---

1. Plaintiffs filed a petition for reconsideration which was argued and denied on April 18, 1990.

Inc., and its driver. Margaret Hughes and the Commonwealth of Pennsylvania were joined as additional defendants.

Plaintiffs sought damages against defendants, including the Commonwealth, under the Wrongful Death Act, 42 Pa.C.S. §8301, and the Survival Act, 42 Pa.C.S. §8302. In plaintiffs' brief they allege that negligent road design and traffic control caused an unsafe condition on the roadway where the accident occurred. Plaintiffs attempted to use the highway exception of 42 Pa.C.S. §8522(b)(4),(5) as the basis for their claim of liability against the Commonwealth. Plaintiffs contend that evidence of prior accidents at the intersection of Route 309 and Hartman Road would establish that the Commonwealth had knowledge of the allegedly dangerous condition, and could therefore be found liable under one of the exceptions.

On the first day of trial, defendant Commonwealth moved for summary judgment based on sovereign immunity, specifically plaintiff's failure to name a "Commonwealth party" as a defendant as required by 42 Pa.C.S. §8522. Plaintiffs opposed the motion, asserting that defendant had waived this defense and alternatively that the Pennsylvania Department of Transportation had been effectively involved in all stages of litigation, and that therefore plaintiffs should be permitted to amend the caption to name PennDOT as a defendant.[2] Defendant's motion for summary judgment was granted on March 20, 1990.

---

2. Plaintiffs' motion to amend the caption was made orally at the time of the argument on defendant's summary judgment motion, and is not in the record. If the entry of summary judgment in defendant's favor is reversed, plaintiffs shall not be precluded from raising their motion to amend the caption.

## DISCUSSION

Summary judgment may properly be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b); *Toth v. City of Philadelphia,* 213 Pa. Super. 282, 247 A.2d 629 (1968). The legal issue presented for determination was whether summary judgment should be granted in favor of the Commonwealth of Pennsylvania, an improper party because of its immunity from suit, in light of plaintiff's contention that the immunity was waived and that the allegedly proper defendant (PennDOT) had participated in the litigation. This court determined that the grant of summary judgment in favor of the Commonwealth of Pennsylvania was appropriate.

The Commonwealth, pursuant to Pa. Constitution, Article I, §11[3] and 1 Pa.C.S. §2310,[4] is absolutely immune from any suit. Sovereign immunity may only be waived by specific words from the General Assembly.

Title 42 Pa.C.S. §8522 enumerates certain exceptions to sovereign immunity, but only as to the liability of a "Commonwealth party," not the Commonwealth itself.

"(a) *Liability imposed* — The General Assembly, pursuant to section 11 of Article I of the Constitu-

---

3. "All Courts shall be open; . . . Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct."

4. "[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. . . ."

tion of Pennsylvania, *does hereby waive,* in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relation to limitations on damages), *sovereign immunity as a bar to an action against Commonwealth parties,* for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity." 42 Pa.C.S. §8522(a). (emphasis supplied)

The Commonwealth retains absolute sovereign immunity, but liability may be imposed on "Commonwealth parties." The General Assembly has defined a Commonwealth party as "a Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa.C.S. §8501. The Commonwealth is a entity distinct from those Commonwealth agencies and employees, and remains immune from suit under sovereign and official immunity. *Hall v. Acme Markets Inc.,* 110 Pa. Commw. 199, 532 A.2d 894 (1987). On this basis, the Commonwealth's motion for summary judgment was granted.

### Sovereign Immunity A Non-Waivable Defense

In arguing against the motion for summary judgment, plaintiffs contend that the Commonwealth has effectively waived the defense of sovereign immunity by its failure to assert it prior to the first day of trial. Sovereign immunity, however, is a non-waivable defense. *In re Upset Sale of Properties (SKIBO),* 522 Pa. 230, 560 A.2d 1388 (1989). In *SKIBO,* the Pennsylvania Supreme Court stated that:

"Defense of governmental immunity is an absolute defense . . . and is not waivable, nor is it subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature. . . .

"[A] governmental agency cannot be put at the mercy of negligent or agreed waiver by counsel of a substantive right designed to protect its very existence. Such negligence can spread, pebble in pond, until the governmental agency would be engulfed in a tidal wave of liability." 522 Pa. at 232, 560 A.2d at 1389.

Therefore, the Commonwealth did not waive its sovereign immunity by its failure to raise the defense prior to the first day of trial.

### Prejudice/Amendment to Caption

Plaintiffs assert that PennDOT will not be prejudiced by an amendment to the caption at this stage because PennDOT effectively participated in all phases of litigation. The Commonwealth contends, and this court agrees, that PennDOT is a separate and distinct party from the Commonwealth and was never part of this litigation. Rule 1033 of the Pennsylvania Rules of Civil Procedure provides that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading." Pa.R.C.P. 1033. The Pennsylvania Supreme Court, in *Saracina v. Cotoia*, 417 Pa. 80, 208 A.2d 764 (1965), limited this broad rule by stating: "An amendment of the complaint, after the statute of limitations has run, to bring in a new and distinct party to the action cannot be permitted." *Id.* at 83, 208 A.2d at 766 (1965).

In *Bainbridge v. Commonwealth of Pennsylvania*, 125 Pa. Commw. 406, 557 A.2d 456 (1989), the

Commonwealth Court addressed the issue of whether PennDOT could be substituted for the Commonwealth in a case where liability was based on the highway exception. The court affirmed the decision of the trial court, dismissing PennDOT and the Commonwealth as parties. In *Bainbridge,* as in the present case, the Commonwealth was named as a defendant; neither the Secretary of Transportation, PennDOT nor any other Commonwealth party were named as defendants, and the statute of limitations had run. The appellant attempted to show participation by PennDOT through seven letters allegedly exchanged between them and the Tort Claims Unit of the Department of General Services. The court concluded that the record did not reveal that PennDOT had participated in the litigation and any attempt to amend the complaint to name Penn-DOT, a new and distinct party, would be prejudicial to PennDOT. Unlike the present case, the Commonwealth in *Bainbridge* filed preliminary objections including a motion to dismiss for lack of jurisdiction. The Commonwealth's failure in this case to raise the defense of sovereign immunity prior to the first day of trial is not determinative since, as discussed earlier, the defense of sovereign immunity is a non-waivable defense.

In *Hall v. Acme Markets Inc.,* 110 Pa. Commw. 199, 532 A.2d 894 (1987), the Commonwealth Court allowed an amendment to the complaint to include PennDOT. Since the Secretary of Transportation was actually named in the initial complaint along with the Commonwealth, the court determined that PennDOT would not be prejudiced by such an amendment since PennDOT effectively had been involved in all stages of the litigation process.

The present case is analogous to *Bainbridge* in that neither PennDOT nor the Secretary of Trans-

portation were named as defendants. Plaintiffs cite to the joinder complaint where they identify three separate references to PennDOT in the body of the complaint and in the ad damnum clause. These, like the letters in *Bainbridge,* do not justify the claim that PennDOT was a participant in the litigation. In this case, it would be prejudicial to allow a substitution of parties. An amendment to substitute Penn-DOT for the Commonwealth after the statute of limitations has run, with no named party such as the Secretary of Transportation to protect the interest of PennDOT, would be unjust.

In *Verna v. Commonwealth,* no. 843 C.D. 1988 (mem. op., Pa. Commw. April 28, 1989, alloc. den. December 21, 1989), the Commonwealth Court dealt with a remarkably similar set of circumstances. Although the decision in *Verna* is not precedential, this court is persuaded by Judge Palladino's reasoning that, after the statute of limitations has run, and neither the Secretary of Transportation nor Penn-DOT were named as parties, a substitution of Penn-DOT in place of the Commonwealth would be prejudicial to PennDOT. In *Verna,* plaintiffs cited references to PennDOT in the body of the complaint, as well as in letters from the Tort Claim — Pre-Litigation Division of the Department of General Services. The court determined that these references were not sufficient to assert that PennDOT had actively participated in the litigation. The references in the present case, similar to those in *Verna,* do not support the proposition that PennDOT has been involved in the litigation. As in *Verna,* to allow PennDOT to be substituted for the Commonwealth would be prejudicial to PennDOT, a new and distinct party.

Plaintiffs' failure to name PennDOT as a defendant in the instant case was a fatal error. The

Commonwealth Court in *Bainbridge* asserted that the failure to name a Commonwealth party was inexcusable. The court stated:

"This is not an instance where it is difficult for an injured party to know what Commonwealth party should be named in an action for damages. Clearly the failure to name DOT as a party in this case is not a technical defect that may be remedied after the applicable statute of limitations has run. To permit DOT to be named as a party at this point in the litigation of this case would be prejudicial to DOT." *Bainbridge,* 125 Pa. Commw. at 410, 557 A.2d at 458.

As in *Bainbridge,* it should have been clear to plaintiffs that PennDOT was the potentially responsible Commonwealth agency. Allowing PennDOT to be substituted for the Commonwealth would act as a joinder of an additional party, not just a change in name. This joinder is precluded by the statute of limitations. The statute of limitations for an action to recover damages for personal injuries is two years. 42 Pa.C.S. §5524(2). Although the Commonwealth was sued as an additional defendant within six months of the 1982 accident that gave rise to the suit, PennDOT was not joined within the statutory requirement. The statute of limitations has run and any attempt to amend the complaint to substitute PennDOT for the Commonwealth is untimely.

## CONCLUSION

For the reasons stated above, this court's order of March 20, 1990, granting summary judgment to defendant Commonwealth, should be affirmed.