557 A.2d 456

Joseph T. Bainbridge and Karen Bainbridge, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation and Pocono Township and Pocono Mountain Campsites Civic Club, Appellees.

Argued April 7, 1989, before Judges BARRY and PAL-LADINO (P.), and Senior Judge BARBIERI, sitting as a panel of three.

*Michael Klimpl*, with him, *John C. Marston*, for appellants.

*James R. Moyles*, Deputy Attorney General, for appellees.

OPINION BY JUDGE PALLADINO, April 26, 1989:

Joseph T. and Karen Bainbridge (Appellants) appeal from a decision of the Court of Common Pleas of Monroe County dismissing the Department of Transportation

(DOT) and the Commonwealth as parties to their suit for damages. We affirm.

Appellants were injured on February 16, 1985 when the car in which they were traveling slid on an icy spot on the road and overturned. The road was located in Mt. Pocono, Pennsylvania in the area of Pocono Mountain Campsites and allegedly was owned by the Commonwealth. On December 17, 1986, Appellants filed a trespass action against Pocono Township, Pocono Mountain Campsites and the Commonwealth (collectively, Defendants), alleging that the Defendants' negligence with respect to the road resulted in the icy patch's presence and, therefore, caused Appellants' accident and their injuries.

The Commonwealth filed preliminary objections to the complaint. The preliminary objections contained a motion to dismiss for lack of jurisdiction.[1] The basis of the motion was that (1) Appellants' complaint did not name a Commonwealth agency and (2) the Commonwealth may not be sued as an individual entity because it is absolutely immune to suit. Appellants, on March 4, 1987, filed an "amended" complaint, which named DOT as a defendant in place of the Commonwealth. The Commonwealth filed preliminary objections, on behalf of DOT, to the amended complaint, seeking to have the amended complaint dismissed as to DOT, because, among other things, DOT was a new and distinct party and the statute of limitations had run.[2]

After oral argument and the submission of letter briefs, the trial court concluded that the Commonwealth and DOT were distinct entities, that the Commonwealth was absolutely immune to suit, and that Appellants'

---

[1] Motions for a more specific complaint and to strike were also included in the preliminary objections.

[2] The statute of limitations for personal injury actions is two years. 42 Pa. C.S. §5524(2).

amendment of its complaint to name DOT was not a correction but an attempt to name a new and distinct party. The trial court dismissed the Commonwealth and DOT as parties to Appellants' action. On appeal to this court, Appellants contend that replacing the Commonwealth with DOT was merely a correction of the designation of the parties and not the naming of a new and distinct party.

This court in *Hall v. Acme Markets, Inc.*, 110 Pa. Commonwealth Ct. 199, 532 A.2d 894 (1987), held that the Commonwealth is an entity distinct from those Commonwealth agencies and employees encompassed by the term Commonwealth parties.[3] The court also held that only Commonwealth parties may be sued for damages resulting from their negligent acts because the Commonwealth is absolutely immune to suit pursuant to 1 Pa. C. S. §2310 and 42 Pa. C.S. §8522(a).[4] However, in *Hall,* this court concluded that amendment of a complaint to replace the Commonwealth with a Commonwealth party was not necessarily precluded. The court held that "[c]onsideration *in each case* must also be given to whether the entity sought to be substituted will be prejudiced." *Id.* at 208, 532 A.2d at 897. (Emphasis added.)

We determined, in *Hall,* that the naming of the Commonwealth was only a technical defect that could be remedied by amendment. That decision was based on the fact that DOT had "clearly been involved with all aspects of [the] litigation since the suit was initially filed." *Id.* We note that in *Hall* the initial complaint named not just the

---

[3] A Commonwealth party is defined as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa. C.S. §8501.

[4] The Commonwealth enjoys sovereign immunity except as *specifically* waived by the legislature. 1 Pa. C.S. §2310. Sovereign immunity as a bar to negligence actions has been removed only with respect to Commonwealth *parties*. 42 Pa. C.S. §8522(a).

Commonwealth but also the Secretary of the Department of Transportation.

The situation in this case is considerably different. There is no indication in the record of this case of any participation by DOT. Appellants point to seven letters it claims were exchanged by Appellants and the "Torts Claims Unit." The letters, however, do not appear in the record, and we note that the "Torts Claims Unit" is part of the Bureau of Risk and Insurance Management in the Department of General Services. Additionally, the Commonwealth was the only named defendant in the original complaint, unlike *Hall* where the Secretary of DOT was also originally named as a defendant.

The accident in this case is alleged to have been caused by a defect of a road, which was allegedly caused by negligence in design, construction and/or maintenance. This is not an instance where it is difficult for an injured party to know what Commonwealth party should be named in an action for damages. Clearly the failure to name DOT as a party in this case is not a technical defect that may be remedied after the applicable statute of limitations has run. To permit DOT to be named as a party at this point in the litigation of this case would be prejudicial to DOT.

Accordingly, we affirm.

ORDER

AND NOW, April 26, 1989, the decision of the Court of Common Pleas of Monroe County in the above-captioned matter is affirmed.

Judge BARRY dissents.