570 A.2d 137

Wilson GARCIA

v.

COMMONWEALTH of Pennsylvania, City of Philadelphia and Southeastern Pennsylvania Transportation Authority.

Appeal of COMMONWEALTH of Pennsylvania, DEPART-MENT OF TRANSPORTATION, Appellant.

Wilson GARCIA

v.

COMMONWEALTH of Pennsylvania, City of Philadelphia and Southeastern Pennsylvania Transportation Authority.

Appeal of COMMONWEALTH of Pennsylvania, Appellant.

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 1989.

Decided Feb. 15, 1990.

Matthew L. Wolford, Deputy Atty. Gen., for appellant.

David Schachter, Marks, Feiner & Fridkin, P.C., for appellee.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

This is an appeal by the Department of Transportation (DOT) from an order of the Court of Common Pleas of Philadelphia County (trial court) which permitted Wilson Garcia (Garcia) to amend his complaint by substituting a commonwealth party, DOT, for the originally named defendant, Commonwealth of Pennsylvania (Commonwealth), and precluded DOT from raising the statute of limitations as an affirmative defense. We reverse.

This matter arises as a result of a trip and fall accident which occurred on April 15, 1986, at the intersection of Sixth and Clearfield Streets in Philadelphia, and caused personal injuries to Garcia. By letter dated April 23, 1986, counsel for Garcia sent a notice of claim to the Commonwealth. The letter was addressed as follows:

Commonwealth of PA
Attn: Mark Garber, Esq.
Office of Attorney General
Tort Litigation
15th Floor—Strawberry Court
Harrisburg, PA 17120

No letter was mailed to DOT, nor was DOT mentioned in the April 23, 1986, letter.

The notice letter was forwarded by the Office of Attorney General to the Department of General Services, Bureau of Risk and Insurance Management (DGS), for attention by its Tort Claims Pre-litigation Division. During the month of June, 1986, DGS conducted a limited investigation, receiving from DOT a memorandum, in response to a letter requesting information, which indicated that on May 19, 1986, during a routine inspection DOT observed an excavation ditch on Sixth Street near Clearfield, and had sent a Notification of Highway Deficiency to the City of Philadelphia, which DOT believed was responsible for the condition.

DGS informed Garcia's attorney, by letter dated July 14, 1986, that:

PennDot personnel advise that the excavation in the area in question was due to a utility restoration and that the utility company or the City of Philadelphia would be responsible for any claims arising from the work being done.

Garcia filed a complaint on January 11, 1988, naming as defendants the Commonwealth,[1] the City of Philadelphia, and the Southeastern Pennsylvania Transportation Authority (SEPTA).

On February 18, 1988, the Commonwealth filed an answer and new matter which pointed out the distinction between the Office of Attorney General, a commonwealth agency,

---

1. The caption of the complaint shows the defendant as the Commonwealth of Pennsylvania. Paragraph two of the complaint indicates that the defendant is the Commonwealth of Pennsylvania, Office of Attorney General, which was further described as a governmental entity. All other allegations in the complaint are directed against the Commonwealth. No reference or mention of DOT is made within the complaint.

and the Commonwealth, a governmental entity, and which raised the issue of sovereign immunity.

On April 21, 1988, the Commonwealth filed a motion for judgment on the pleadings, alleging that it had not waived sovereign immunity, and therefore was not a proper party.

On May 17, 1988, as part of its discovery response, the Commonwealth produced all of the documentation compiled by the DGS Tort Pre-litigation Unit.

On May 23, 1988, Garcia filed a response to the motion for judgment on the pleadings, arguing that the Commonwealth and DOT are not distinct parties, that a fair reading of the complaint illustrated that DOT was the intended defendant, and that the naming of the Commonwealth instead of DOT was merely a technical defect which could be corrected by amending the complaint. Garcia also argued that DOT had participated in the litigation after the suit was initially filed because DOT was consulted by DGS at the pre-litigation stage. Garcia also filed a petition for leave to amend his complaint. On June 27, 1988, the trial court granted the petition for leave to amend the complaint, allowing Garcia to substitute DOT for the Commonwealth, and precluded DOT from raising the statute of limitations as a defense. The amended complaint was filed on July 11, 1988, and served upon DOT on July 28, 1988.

On August 2, 1988, the trial court denied the Commonwealth's motion for judgment on the pleadings. The August 2, 1988 order also granted Garcia permission to file an amended complaint and barred DOT from raising the statute of limitations as a defense. Both the Commonwealth and DOT filed notices of appeal from the August 2, 1988 order.[2]

The appeals were consolidated *sua sponte* by this court on September 1, 1988. On March 8, 1989, this court ruled that the portion of the trial court's August 2, 1988 order which denied the Commonwealth's motion for judgment on

2. The trial court granted Garcia leave to file an amended complaint and barred DOT from raising the statute of limitations as a defense in both the June 27, 1988, and August 2, 1988 orders.

the pleadings was not a final order appealable to this court, but that the portion of the order precluding DOT from raising the defense of the statute of limitations was a final order and appealable.

The issue before us is whether the trial court erred when it granted Garcia permission to amend his complaint to substitute DOT for the Commonwealth, and barred DOT from raising the defense of the statute of limitations. This court has considered the issue of substituting parties, when the defense of sovereign immunity is applicable, on two prior occasions: *Hall v. Acme Markets, Inc.*, 110 Pa.Commonwealth Ct. 199, 532 A.2d 894 (1987) and *Bainbridge v. Department of Transportation*, 125 Pa.Commonwealth Ct. 406, 557 A.2d 456 (1989).

In *Hall*, suit was brought against both the Commonwealth and the Secretary of Transportation (Secretary). After the Commonwealth and the Secretary filed motions for summary judgment, contending that the claims were barred by official and sovereign immunity, the plaintiffs argued that there was no distinction between an action against the Commonwealth and an action against a commonwealth agency or party. We held that the Commonwealth was an entity distinct from a commonwealth party, and that only commonwealth parties were subject to claims for damages. *Hall*, 110 Pa.Commonwealth Ct. at 207, 532 A.2d at 897. We did, however, permit the parties to amend the pleadings to name DOT instead of the Commonwealth. This amendment was permitted because the Secretary had participated in all aspects of the litigation *after the case had been filed.*

In *Bainbridge*, a trespass action was filed against Pocono Township, Pocono Mountain Campsites and the Commonwealth. The Commonwealth filed preliminary objections in the form of a motion to dismiss on the basis that the complaint did not name a commonwealth agency and that the Commonwealth is absolutely immune from suit. The plaintiffs responded by filing an amended complaint naming DOT as a defendant in place of the Commonwealth. The

trial court denied the plaintiffs permission to amend the complaint, concluding that replacing the Commonwealth with DOT was not a correction but an attempt to name a new and distinct party. We affirmed the trial court holding that to permit DOT to be named as a party would be prejudicial to DOT because DOT's involvement had been limited to an exchange of letters with the torts claim unit of DGS.

We conclude that *Bainbridge* is more akin to the facts in this case than those contained in *Hall* and as a result we must reverse the order of the trial court. Garcia was put on notice from the moment DGS responded to his claim letter that the proper party was DOT, not the Commonwealth. DOT's response to DGS's request for information cannot be considered "participation in litigation" so as to permit the application of our ruling in *Hall.*

Accordingly, that portion of the August 2, 1988, order granting Garcia leave to file an amended complaint is reversed, the amended complaint is stricken, and the case is remanded to the trial court for further proceedings.

## ORDER

AND NOW, February 15, 1990, that portion of the August 2, 1988, order of the Court of Common Pleas of Philadelphia County granting Wilson Garcia leave to amend his complaint is reversed, the amended complaint is stricken, and this matter is remanded for further proceedings.

Jurisdiction relinquished.