578 A.2d 1014

**Sharon K. WILSON and Jack W. Wilson, Appellants,**

v.

**Bryan NEFF and Commonwealth of Pennsylvania, Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 12, 1990.

Decided Aug. 17, 1990.

Paul J. Malizia, Malizia & Malizia, P.C., for appellants.

Jay W. Stark, Deputy Atty. Gen., Torts Litigation Unit, for appellee, Commonwealth of Pennsylvania.

Before CRAIG, President Judge, PALLADINO, J., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Sharon and Jack Wilson (Appellants) appeal from an order of the Court of Common Pleas of Potter County (trial court) which sustained the preliminary objections of the Commonwealth of Pennsylvania (Commonwealth) and dismissed Appellants' complaint against the Commonwealth without leave to amend.

Appellant Sharon Wilson was injured in an automobile accident on January 22, 1987. On January 12, 1988, the Attorney General's Office and the local Department of Transportation (DOT) district were notified by mail of the accident and the intent of the Appellants to file suit against DOT for damages.

On January 10, 1989, a writ of summons was issued naming Bryan Neff (Neff) and the Commonwealth as defendants. The complaint was filed on July 17, 1989. The caption of the complaint identified the defendants as "BRYAN L. NEFF and the COMMONWEALTH OF PENNSYLVANIA." However, paragraph three of the complaint identified the commonwealth party as the "Commonwealth of Pennsylvania, Department of Transportation." On August 7, 1989, DOT filed a preliminary objection to the complaint alleging a lack of jurisdiction because the Com-

monwealth enjoys sovereign immunity under 1 Pa.C.S. § 2310, and because the complaint against DOT was filed after the statute of limitations had run. The trial court sustained the preliminary objection and this appeal followed.[1]

The sole issue on appeal is whether the Appellants should have been granted leave to amend their complaint to substitute DOT for the Commonwealth, when the complaint was filed after the statute of limitations had run and was the first document filed with the court to identify DOT as a party. We affirm.

We have addressed the issue presented in this case on three occasions in the past. In *Hall v. Acme Markets, Inc.,* 110 Pa.Commonwealth Ct. 199, 532 A.2d 894 (1987), we held that the Commonwealth and DOT are separate and distinct parties and that only a commonwealth party, i.e. an agency, such as DOT, or an employee of an agency acting within the scope of his employment, is subject to suit. We permitted the plaintiff in *Hall* to amend the complaint because we found that the naming of the Commonwealth rather than DOT was merely a technical defect which could be remedied by amendment. We also concluded that DOT would not be prejudiced by the amendment, because the Secretary of DOT had been named as a party, prior to the expiration of the statute of limitations, and as a result, DOT had been involved in all aspects of the litigation from the moment suit was filed.

In *Bainbridge v. Commonwealth,* 125 Pa.Commonwealth Ct. 406, 557 A.2d 456 (1989), plaintiffs were injured in an automobile accident in February, 1985. The original complaint was filed against the Commonwealth, among other parties. The Commonwealth filed preliminary objections raising a question of the trial court's jurisdiction. Plaintiffs filed an amended complaint in March, 1987, after the stat-

---

1. When the trial court filed its opinion as required by Pa.R.A.P.1925, the trial court reversed itself, and now agrees with the position of the Appellant. In urging reversal by this court, the trial court relies upon the fact that DOT received a notice of intent to sue.

ute of limitations had run, naming DOT as a defendant rather than the Commonwealth. The trial court held that DOT and the Commonwealth were distinct entities, that the Commonwealth was absolutely immune to suit, and that the plaintiffs' amendment to the complaint was an attempt to name a new and distinct party rather than a correction of the designation of a party. The trial court dismissed the amended complaint against DOT and the Commonwealth. We affirmed the trial court, holding, that an exchange of letters, between DOT and the "Tort Claims Unit" of the Bureau of Risk and Insurance Management in the Department of General Services, did not constitute participation by DOT in the suit after it was filed. Unlike *Hall*, the Commonwealth was the only named party in the original action. Allowing an amendment to name DOT, after the statute of limitations had run, would be prejudicial to DOT.

Finally, in *Garcia v. Commonwealth*, 131 Pa.Commonwealth Ct. 327, 570 A.2d 137 (1990), the plaintiff sent a notice of claim to the Commonwealth, to the attention of the "Office of Attorney General, Tort Litigation." No such notice was sent to DOT. The Tort Claims Pre-litigation Division (TCD) of the Department of General Services, Bureau of Risk and Insurance Management, conducted a limited investigation, receiving from DOT, a response to a request for information. The plaintiff filed a complaint naming only the Commonwealth. The Commonwealth filed a motion for judgment on the pleadings, alleging that it was immune from suit. In response to this motion, the plaintiff introduced the file of the TCD, arguing that DOT had participated in the litigation by responding to TCD at the pre-litigation stage. The plaintiff also requested leave to amend his complaint, said request being filed after the statute of limitations had run on the cause of action. We concluded that a response to a request for information, prior to the filing of suit, did not amount to "participation in litigation." As a result, permitting an amendment of the complaint to name DOT as a party, after the statue of limitations had run, would be prejudicial to DOT.

In the present litigation, *Bainbridge* and *Garcia* are controlling. While DOT actually received a notice[2] of an intent to sue, such a notice is not commencement of suit. DOT had no involvement in the suit after it was filed. It was not until the complaint was filed, after the statute of limitations had run, that any mention of DOT was made in the pleadings. To permit an amendment to now add DOT as a party would be prejudicial to DOT. Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, August 17, 1990, the order of the Court of Common Pleas of Potter County in the above-captioned matter is affirmed.

---

2. We also note that this notice was not mailed within the six month time requirement of 42 Pa.C.S. § 5522.