590 A.2d 1342

George J. SPENCER and Rosanna M. Spencer as
Co–Administrators of the Estate of Rosann
M. Spencer, Deceased, Appellants,

v.

Greg PAVLIK and Commonwealth of Pennsylvania, Appellees.

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 1990.

Decided May 2, 1991.

Reargument Denied June 21, 1991.

Timothy R. Hough, Philadelphia, for appellants.

Theodore J. Chylack, Norristown, for appellee, Com. of Pa.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

George J. Spencer and Rosanna M. Spencer (Appellants) appeal from an order of the Court of Common Pleas of Montgomery County (trial court) granting summary judgment in favor of the Commonwealth of Pennsylvania (Commonwealth) because the Commonwealth was immune from suit, and because Appellants failed to name a commonwealth party before the statute of limitations had run. We affirm.

Appellants filed a wrongful death and survival action on October 25, 1982, for damages resulting from their daughter's death on June 29, 1982, in a four-vehicle accident. One of the original defendants filed a joinder complaint against the Commonwealth demanding indemnity or contribution. The caption of the joinder complaint named the party as the "Commonwealth of Pennsylvania." The joinder complaint, however, did refer to the Department of Transportation as the agency responsible for highway design and maintenance, and concluded with the following language:

> WHEREFORE, the additional defendant, DEPARTMENT OF TRANSPORTATION, COMMONWEALTH OF PENNSYLVANIA is either alone liable to the Plaintiffs,

is liable over to the Defendant, GREG PAVLIK, or is jointly and severally liable with one or all of the other defendants in the litigation upon the causes of action that have been declared upon by the Plaintiffs.

On August 8, 1984, a Petition to Consolidate was filed by the Attorney General's office, requesting that the above-captioned matter be consolidated with three other pending cases which had been filed as a result of the same accident. This petition contained the following allegation and request for relief:

1. The Commonwealth of Pennsylvania, Department of Transportation is a named Defendant in the four (4) cases listed above.

. . . .

WHEREFORE, The Commonwealth of Pennsylvania, Department of Transportation respectfully requests this Honorable Court to grant this petition to consolidate the above matters under the Court terms and numbers.

This petition was stricken without prejudice by the trial court on September 24, 1984, for failure of petitioner to appear. A second petition for consolidation, containing similar language, was filed on August 11, 1987, and granted on October 8, 1987.

After the jury was impaneled, the Commonwealth moved for summary judgment on the grounds that it was immune from suit, and that no Commonwealth party had been named prior to the expiration of the statute of limitations. The trial court granted summary judgment in favor of the Commonwealth. This appeal followed.

The Appellants' basic argument is that leave to amend the joinder complaint should have been granted to permit a change in the designation of the governmental party from "Commonwealth of Pennsylvania" to "Commonwealth of Pennsylvania, Department of Transportation."

■ Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories and ad-

missions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. No. 1035(b). Our scope of review of a trial court's grant of summary judgment is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Herman v. Greene County Fair Board,* 112 Pa.Commonwealth Ct. 615, 535 A.2d 1251 (1988).

This case, once again, requires this court to address the issue of when a pleading can be amended to change the designation of a party after the statute of limitations has run. This issue has been before us previously in three reported decisions.[1] In *Hall v. Acme Markets, Inc.,* 110 Pa.Commonwealth Ct. 199, 532 A.2d 894 (1987), we held that the Commonwealth is an entity distinct from the agencies and employees encompassed in the term "commonwealth party" as defined in the immunity statute, 42 Pa.C.S. § 8501 [2]. We held further that only commonwealth parties may be sued for damages, and that pursuant to 1 Pa.C.S.

---

1. We note with disapproval that the trial court, in its opinion, and both parties before this court, cited to our unreported decision in *Verna v. Commonwealth of Pennsylvania,* No. 843 C.D. 1988, filed April 28, 1989. Citation to *Verna* is prohibited by Section 414 of the Commonwealth Court of Pennsylvania Internal Operating Procedures which reads as follows:

> **Report of Opinions; Certain Decisions not to be Cited—***Unreported opinions of the court shall not be cited in any brief, argument or opinion,* except that any opinion filed in the same case may be cited as representing the law of the case. A one-judge opinion, even if reported, shall be cited only for its persuasive value, not as a binding precedent. This rule shall be effective retroactively, so as to apply to opinions filed before the effective date of this section, as well as to opinions filed in the future. (Emphasis added.)

2. This section reads in pertinent part as follows:

> **"Commonwealth party."** A Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment.

§ 2310 [3] and 42 Pa.C.S. § 8522(a) [4] the Commonwealth itself is absolutely immune from suit. In *Hall* we permitted the amendment of the complaint because DOT had been involved in all aspects of the litigation from its inception: the Secretary of DOT had been named in the original complaint.

The second case where we addressed this issue was *Bainbridge v. Department of Transportation,* 125 Pa.Commonwealth Ct. 406, 557 A.2d 456 (1989). In *Bainbridge* the plaintiffs sought damages for injuries sustained when their car slid on an icy spot on a state highway located in Mt. Pocono, Pennsylvania, and near the Pocono Mountain Campsites. The plaintiffs filed a trespass action against the township, the Commonwealth, and the campsite. The Commonwealth filed preliminary objections in the form of a motion to dismiss the complaint, on the basis that the complaint did not name a commonwealth party and that the Commonwealth was absolutely immune from suit. Plaintiffs then filed an amended complaint which named DOT as a defendant in place of the Commonwealth. The Common-

**3.** This section reads as follows:
**§ 2310. Sovereign immunity reaffirmed; specific waiver**
Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) unless otherwise specifically authorized by statute.

**4.** This section reads as follows:
**§ 8522. Exceptions to sovereign immunity**
**(a) Liability imposed.**—The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

wealth filed preliminary objections on behalf of DOT, alleging that DOT was a new and distinct party and that the statute of limitations had run before the amended complaint had been filed. We held that DOT was a distinct party and that the exchange of letters between the "Tort Claims Unit" of the Bureau of Risk and Insurance Management in the Department of General Services (DGS) was not involvement of DOT in all aspects of the litigation after the suit was filed. Accordingly, we held that naming DOT as a party, after the running of the statute of limitations, was not the correction of a technical defect, and would be prejudicial to DOT. We affirmed the trial court's dismissal of the complaint.

Finally, in *Garcia v. Commonwealth*, 131 Pa.Commonwealth Ct. 327, 570 A.2d 137 (1990), the plaintiff sought damages for injuries sustained in a slip and fall accident which occurred at the intersection of Sixth and Clearfield Streets in Philadelphia. The plaintiff notified the Office of Attorney General that she intended to file a claim, and when she filed her complaint, she identified the party in the caption as the Commonwealth, and within the body of the complaint as the Commonwealth of Pennsylvania, Office of Attorney General. The Commonwealth filed an answer and new matter raising the defense of sovereign immunity, and a motion for judgment on the pleadings, alleging that it was not a proper party. The plaintiff responded to the motion for judgment on the pleadings by arguing that the Commonwealth and DOT were not distinct parties, and that a fair reading of the complaint illustrated that DOT was the intended defendant. The plaintiff also argued that DOT had participated in the litigation after the suit was filed as a result of an investigation made by DGS at the prelitigation stage. The plaintiff sought leave to amend the complaint to substitute DOT for the Commonwealth and to preclude DOT from raising the statute of limitations as a defense. The trial court denied the Commonwealth's motion for judgment on the pleadings, granted plaintiff leave to amend her complaint by substituting DOT for the Commonwealth, and

barred DOT from raising the statute of limitations as a defense.

We reversed the order of the trial court, holding that the plaintiff was on notice from the moment DGS responded to his claim letter that the proper party was DOT, not the Commonwealth, and that DOT's response to a request for information from DGS was not participation in litigation as in *Hall,* to permit the substitution of parties.

In the instant matter the only references to DOT in the original pleadings was a paragraph of the third-party complaint stating that the legislature had imposed upon DOT the duty to construct, improve, maintain, and repair the highways within the Commonwealth of Pennsylvania, and the above-cited language of the ad damnum clause of the same document. However, the paragraph of the complaint setting forth the negligent conduct which is being complained of states that it was "the carelessness and negligence of the COMMONWEALTH OF PENNSYLVANIA...." not some act of DOT which was at issue.

Appellants argue that the naming of the commonwealth agency within the body of the joinder complaint, as well as in the ad damnum clause, combined with the Commonwealth's use of the agency name in a motion to consolidate and responses to discovery, indicate that DOT was actually involved in the case from its inception, so as to permit the amendment of the joinder complaint to formally name DOT as a party, after the expiration of the statute of limitations. However, Appellants ignore the fact that the attorney of record filed his appearance on behalf of the Commonwealth only. The mere reference to a separate and distinct party in a motion, body of a pleading, or ad damnum clause, is as a matter of law, insufficient to make that party a participant in the action. The rules of civil procedure require that the party be named in the caption, and the failure to so name a party is not a mere technical error that can be corrected after the statute of limitations has run. The

naming of a party after the running of the statute of limitations is prejudicial, and will not be permitted.

Accordingly, we affirm the order of the trial court[5].

## ORDER

AND NOW, May 2, 1991, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.

PELLEGRINI, Judge, dissenting.

I dissent. Because the assets at risk remain the same, the majority incorrectly characterizes Appellants' request to amend the caption from "Commonwealth of Pennsylvania" to "Department of Transportation, Commonwealth of Pennsylvania" as a substitution of parties rather than a correction in the name of a party.

In this case, an original defendant in a wrongful death and survival action arising out of a motor vehicle accident filed a Complaint joining the Commonwealth of Pennsylvania, seeking indemnification and contribution. In the "wherefore clause" of that Complaint, the original defendant alleged that the "Department of Transportation, Commonwealth of Pennsylvania, is either alone liable to Plaintiffs, [or] is liable over to Defendant ..." Despite Defendant correctly naming the party in the "wherefore clause," the majority finds the caption from "Commonwealth of Pennsylvania" to "Commonwealth of Pennsylvania, Department of Transportation" is an impermissible substitution of a party.

The majority properly relies on this Court's decision in *Bainbridge v. Department of Transportation,* 125 Pa.Commonwealth Ct. 406, 557 A.2d 456 (1989) and *Garcia*

---

**5.** Our resolution of this issue makes it unnecessary for this court to address the other issues raised by the Appellants: (1) whether the granting of summary judgment on the basis of *Crowell v. City of Philadelphia,* 131 Pa.Commonwealth Ct. 418, 570 A.2d 626 (1990), was proper when no testimony had been taken; and (2) whether the trial court abused its discretion in denying Appellants' motion to compel discovery after certification for trial, when counsel had stipulated to continued discovery.

*v. Commonwealth,* 131 Pa.Commonwealth Ct. 327, 570 A.2d 137 (1990). In those cases, we held that an amendment naming an agency as a party after the statute of limitations has expired was not permitted because the naming of the agency was a substitution of parties. I believe that both of those cases were decided erroneously because the moving parties in those cases were not attempting to substitute a party but were correcting the name of a party, which is permissible under Pa.R.C.P. 1033. Similarly, in this case, the original defendant was also attempting to correct the name of the liable party.

Pa.R.C.P. 1033, which governs the amendment of pleadings, provides that "a party ... may at any time ... correct the name of the party," either by consent of the adverse party or leave of court. The amendment of pleadings for this purpose should be liberally granted to secure decisions of cases on their merits and not on technical defects. Amendments, however, should not be permitted where surprise or prejudice to the other party will result. *Jacob's Air Conditioning and Heating v. Associated Heating and Air Conditioning,* 366 Pa.Superior Ct. 430, 433, 531 A.2d 494, 496 (1987).

In applying those standards, the Superior Court in *Jacob's* stated:

> In situations where the statute of limitations had run and a party proposes an amendment to a complaint, as in the instant case, the question to be resolved is whether the proposed amendment merely corrects a party name or adds a new party to the litigation. If an amendment constitutes a simple correcting of the name of a party, it should be allowed. *Wicker v. Esposito,* 500 Pa. 457, 457 A.2d 1260 (1983), but if the amendment in effect adds a new party, it should be prohibited. *Cianchetti v. Kaylen,* 241 Pa.Super. 437, 361 A.2d 842 (1976).

366 Pa.Superior Ct. at 433, 531 A.2d at 496.

The test for whether a proposed change is a correction of a named party, as the Superior Court reiterated in *Jacob's,* is when:

There is no change of assets subject to liability by permitting appellant to amend its pleading. This is a common concern in cases where a party has not been permitted to change the form of the business entity. Stated otherwise, appellee could not be prejudiced, regardless of the form of the business entity if the assets subject to liability remain the same. Generally, when an appellee will not be prejudiced by the proposed change, courts are inclined to deem the change one of name only, not of party, and will permit the amendment to allow the change.

366 Pa.Superior Ct. at 433–34, 531 A.2d at 496. *See Waugh v. Steelton Taxi,* 371 Pa. 436, 89 A.2d 527 (1952); *Fretts v. Pavetti,* 282 Pa.Superior Ct. 166, 422 A.2d 881 (1980).

If the test is that if the assets subject to liability remain the same and the proposed amendment is a change of name only rather than a substitution of the party, the proposed change in this case from "Commonwealth of Pennsylvania" to "Commonwealth of Pennsylvania, Department of Transportation" would be permitted as a name change.

The Department of Transportation has no assets separate and apart from the Commonwealth. In any action against the Department of Transportation, judgments are not paid from its revenues, because it has none. Rather, judgments are paid by Commonwealth of Pennsylvania revenue that it receives from tax dollars. The assets subject to liability remain the same, because for all intents and purposes, they are one and the same. The appropriation of revenue, control and direction of the Department of Transportation are exercised by the elected officials of the Commonwealth. In this action, the Department of Transportation is represented by the Commonwealth's attorney, the Attorney General, and not by inside or outside counsel.

Where, as here, there is no prejudice to the Commonwealth or the Department of Transportation, because they had notice that the action involved was precipitated by the Department of Transportation's negligence, the amendment should be permitted under Rule 1033.