**Rucker v. Philadelphia Business Technology Center**

*Aron Arbittier,* for plaintiff.

*Bernd G. Heinze* and *Robert M. Kaplan,* for defendant Philadelphia Business Technology Center.

*Kenneth L. Mirsky,* for defendant Charles Culver.

*Kathleen B. O'Connell,* for defendant Commonwealth of Pennsylvania.

CAESAR, *J.,* August 10, 1992 —

## MEMORANDUM AND ORDER #1

This matter is before the court on the Commonwealth of Pennsylvania's motion for judgment on the pleadings.[1]

## PROCEDURAL BACKGROUND

On April 4, 1990, plaintiff claimed that she was injured when she slipped and fell on a stairway inside a building which housed a local office of the Department of Public Welfare in Philadelphia. She made claim against the landlord (Philadelphia Business Technology Center), the janitorial service responsible for cleaning the premises (Charles Culver, d/b/a C.E. Culver Janitorial Service) and the Commonwealth of Pennsylvania.

On June 27, 1990, through her attorney, she wrote to:
Department of Public Welfare
5000 Parkside Avenue
Philadelphia, PA 19131
Attention: Mrs. Yvonne A. Norman,
District Administrator

---

1. A companion matter, a petition for leave to join the Commonwealth of Pennsylvania acting through the Department of General Services and the Department of Public Welfare, filed by defendant Philadelphia Business Technology Center, is also acted upon this day, and the order disposing of that matter accompanies this memorandum and order.

On February 14, 1991, notice was given to:

Commonwealth of Pennsylvania
Mr. Joseph Delia
Director of Bureau of Risk &
Insurance Management
Department of General Service
502 North Office Building
Harrisburg, PA 17120

On January 31, 1992, she once again gave notice to:

Commonwealth of Pennsylvania
State Office Building
Suite 1713
1400 Spring Garden Street
Philadelphia, PA 19130
Attention: Charlie Wacker

On February 5, 1992, plaintiff filed suit against the landlord, the janitorial service, and the Commonwealth. The Commonwealth was served on February 26, 1992. An appearance was entered on behalf of Kathleen B. O'Connell, deputy attorney general, on March 19, 1992. Apparently, the deputy attorney general requested an extension of time in which to answer or otherwise plead to the complaint to which plaintiff's counsel, Mr. Aron Arbittier, replied to Ms. O'Connell under date of March 27, 1992:

"Kindly be advised that we cannot grant an extension of time unless you can assure the undersigned that you will not be filing any preliminary objections or asserting that the responsible party for our clients fall was a party whose name was not mentioned in this suit. Waiting to hear from you.

"Cordially yours,

"Aron Arbittier

"MATKOFF & SHEINGOLD

"P.S. The statute of limitations runs on April 4, 1992."

Mr. Arbittier received no further communication from anyone representing the Commonwealth until the Commonwealth filed its answer on the afternoon of Friday, April 3, 1992. The answer was not docketed by the prothonotary until April 6, 1992. In its answer, which was apparently neither served nor docketed until the statute of limitations had run, the Commonwealth asserted sovereign immunity.[2]

On June 19, 1992, the Commonwealth, acting through the said Kathleen B. O'Connell, filed this motion for judgment on the pleadings, alleging immunity of the Commonwealth and the failure of plaintiff to have named a Commonwealth party.

The lease in question was executed January 19, 1982 between agents for the landlord and "Commonwealth of Pennsylvania, acting through the Department of General Services,... hereinafter called lessee" and was to be occupied by the Department of Public Welfare. It was executed as follows:

"Commonwealth of Pennsylvania
"Acting Through
"Department of General Services
"By [?]
"for Secretary of General Services
        "Lessee"

Lease amendment no. 2 executed April 4, 1990 recited that it was "by and between Philadelphia Business and

---

2. Under paragraph 21 of the new matter, the deputy attorney general also asserted that the cause of action did not fall within any of the enumerated categories of 42 Pa.C.S. §8522. However, it seems clear that the cause of action falls within §8522(b)(4) "leaseholds in the possession of a Commonwealth agency."

Other paragraphs of the new matter are non-responsive and indicate that the deputy attorney general was responding to a roadway accident.

Technology Center (lessor) and the Commonwealth of Pennsylvania (lessee)." This amendment was executed in the same fashion as the original lease.

## DISCUSSION

This case is governed by 1 Pa.C.S. §2310; 42 Pa.C.S. §8501, §8521(a) and §8522(a), (b)(4). Sovereign immunity is the rule; waiver the exception. 1 Pa.C.S. §2310; 42 Pa.C.S. §8521(a) and §8522(b). The Commonwealth cannot be a party defendant. However, a Commonwealth party may be a party defendant. 42 Pa.C.S. §8501, §8522(a).

The case law is set forth in a series of five opinions of the Commonwealth Court, all authored by Judge Palladino:

(1) *Hall v. Acme Markets Inc.*, 110 Pa. Commw. 199, 532 A.2d 894 (1987);

(2) *Bainbridge v. Commonwealth of Pennsylvania, Department of Transportation*, 125 Pa. Commw. 406, 557 A.2d 456 (1989);

(3) *Garcia v. Commonwealth of Pennsylvania et al.*, 131 Pa. Commw. 327, 570 A.2d 137 (1990);

(4) *Wilson v. Neff and Commonwealth of Pennsylvania*, 134 Pa. Commw. 446, 578 A.2d 1014 (1990); and

(5) *Spencer v. Pavlik and Commonwealth of Pennsylvania*, 139 Pa. Commw. 427, 590 A.2d 1342 (1991) (dissent by Pellegrini, J.).

All five cases involved the Pennsylvania Department of Transportation and concerned roadway accidents or injuries.

In *Hall,* the Commonwealth Court remanded to the trial court to permit Acme to amend its complaint against the additional defendants to name PennDOT as a party defendant instead of "Thomas Larson, secretary of transportation." The court held that the change was a technical one and PennDOT "has clearly been involved with all aspects of this litigation since the suit was initially filed." *Id.* at 208, 532 A.2d at 897. No mention was made of the statute of limitations, but it had clearly run at the time the amendment was permitted.

In *Bainbridge,* the court did not allow amendment after the statute of limitations had run, where the amendment would have named PennDOT as defendant instead of the "Commonwealth of Pennsylvania." The court stated that there was no indication of any participation by PennDOT and further noted that plaintiff's letters were apparently exchanged with the Torts Claims Unit, which "is part of the Bureau of Risk and Insurance Management *in the Department of General Services." Id.* at 410, 557 A.2d at 457. (emphasis added)

*Garcia* involved a trip and fall on a public street on April 15, 1986. The claim, once again, was one against PennDOT but made to the Tort Litigation Section of the Office of the Attorney General. That office forwarded it to the Department of General Services, Bureau of Risk and Insurance Management which conducted an investigation. In response to DGS' request, PennDOT replied that the site in question was the responsibility of the city of Philadelphia. DGS so informed plaintiff's attorney. Plaintiff sued the Commonwealth, the city of Philadelphia and the Southeastern Transportation Authority. On February 18, 1988 (two months before the statute of limitations would run), the Commonwealth filed an answer and new

matter which raised the issue of sovereign immunity and which pointed out the distinction between a governmental entity (the Commonwealth) and a governmental agency (in *Garcia*, the Office of the Attorney General). The court found *Garcia* more akin to *Bainbridge* than to *Hall* and did not permit amendment stating:

"Garcia was put on notice from the moment DGS responded to his claim letter that the proper party was DOT, not the Commonwealth. DOT's response to DGS's request for information cannot be considered "participation in litigation" so as to permit the application of our ruling in Hall." *Id.* at 332, 570 A.2d at 139.

In *Wilson*, plaintiff was injured in an automobile accident on January 22, 1987. On January 12, 1988, he notified PennDOT of his intention to start suit against it. One year later, on January 10, 1989, a writ of summons was issued against one Neff and the "Commonwealth of Pennsylvania." While the caption of the complaint, filed July 17, 1989, named the "Commonwealth of Pennsylvania" as defendant, the body of the complaint identified the "Commonwealth of Pennsylvania, Department of Transportation" as the Commonwealth party. The Commonwealth Court held that preliminary objections had been properly sustained as to the Commonwealth and that the statute of limitations had run against the Commonwealth party, the Department of Transportation. The Commonwealth Court held that *Bainbridge* and *Garcia* were controlling:

"While DOT actually received a notice of an intent to sue, such a notice is not commencement of suit. DOT had no involvement in the suit after it was filed. It was not until the complaint was filed, after the statute of limitations had run, that any mention of DOT was made in

the pleadings. To permit an amendment to now add DOT as a party would be prejudicial to DOT." *Wilson, supra* at 450, 578 A.2d at 1015. (footnote omitted)

Finally, in *Spencer* the Commonwealth Court did not permit the amendment of the caption after the statute had run where the caption named the Commonwealth of Pennsylvania as additional defendant. The body of the complaint and the ad-damnum clause referred to PennDOT as the party that was liable by reason of highway design and maintenance. Later, after the statute had run, the Office of the Attorney General filed a petition to consolidate the *Spencer* cases with three others, stating:

"The Commonwealth of Pennsylvania, Department of Transportation is a named defendant in the four cases listed above....

"Wherefore, the Commonwealth of Pennsylvania, Department of Transportation respectfully requests this honorable court to grant this petition to consolidate the above matters under the court terms and numbers." *Spencer, supra* at 429, 590 A.2d at 1343-1344. Eventually consolidation was granted (five years after the filing of the wrongful death and survival action). The Commonwealth Court stated:

"Appellants argue that the naming of the Commonwealth agency within the body of the joinder complaint, as well as in the ad damnum clause, combined with the Commonwealth's use of the agency name in a motion to consolidate and responses to discovery, indicate that DOT was actually involved in the case from its inception, so as to permit the amendment of the joinder complaint to formally name DOT as a party, after the expiration of the statute of limitations. However, appellants ignore the

fact that the attorney of record filed his appearance on behalf of the Commonwealth only. The mere reference to a separate and distinct party in a motion, body of a pleading, or ad damnum clause, is as a matter of law, insufficient to make that party a participant in the action. The rules of civil procedure require that the party be named in the caption, and the failure to so name a party is not a mere technical error that can be corrected after the statute of limitations has run. The naming of a party after the running of the statute of limitations is prejudicial, and will not be permitted." *Id.* at 431-432, 590 A.2d at 1346

Judge Pellegrini strongly dissented:

"Because the assets at risk remain the same, the majority incorrectly characterizes appellants' request to amend the caption from "Commonwealth of Pennsylvania" to "Department of Transportation, Commonwealth of Pennsylvania" as a substitution of parties rather than a correction in the name of a party....

"The majority properly relies on this court's decision in [*Bainbridge* and *Garcia* (citations omitted)]. In those cases, we held that an amendment naming an agency as a party after the statute of limitations has expired was not permitted because the naming of the agency was a substitution of parties. I believe that both of those cases were decided erroneously because the moving parties in those cases were not attempting to substitute a party but were correcting the name of a party, which is permissible under Pa.R.C.P. 1033. Similarly, in this case, the original defendant was also attempting to correct the name of the liable party." *Id.* at 434-435, 590 A.2d at 1346

Judge Pellegrini then went on to quote extensively from *Jacob's Air Conditioning and Heating v. Associated*

*Heating and Air Conditioning,* 366 Pa. Super. 430, 531 A.2d 494 (1987) and then wrote:

"If the test is that if the assets subject to liability remain the same and the proposed amendment is a change of name only rather than a substitution of the party, the proposed change in this case from 'Commonwealth of Pennsylvania' to 'Commonwealth of Pennsylvania, Department of Transportation' would be permitted as a name change.

"The [DOT] has no assets separate and apart from the Commonwealth. In any action against the [DOT], judgments are not paid from its revenues, because it has none. Rather, judgments are paid by Commonwealth of Pennsylvania revenue that it receives from tax dollars. The assets subject to liability remain the same, because for all intents and purposes, they are one and the same. The appropriation of revenue, control and direction of the [DOT] are exercised by the elected officials of the Commonwealth. In this action, the [DOT] is represented by the Commonwealth's attorney, the attorney general, and not by inside or outside counsel.

"Where, as here, there is no prejudice to the Commonwealth or the [DOT], because they had notice that the action involved was precipitated by the [DOT's] negligence, the amendment should be permitted under Rule 1033." *Id.* at 436, 590 A.2d at 1347

## *Form Over Substance?*

This writer believes that the Commonwealth Court was correct in *Hall,* when, on its own motion, it permitted plaintiff to amend his complaint to substitute the name of the Commonwealth of Pennsylvania, Department of

Transportation for the Commonwealth of Pennsylvania. This writer also believes that Judge Pellegrini is correct in his dissent in *Spencer.*[3] Nevertheless, this court is bound by precedent as set forth in *Bainbridge, Garcia, Wilson,* and *Spencer.*

## *Is Rucker Distinguishable?*

The sole remaining question is whether this *Rucker* case can be honestly distinguished from the PennDOT cases discussed *infra.*

This case involves a fall on property which the Commonwealth of Pennsylvania leased, as distinguished from an injury on a highway for which PennDOT had some responsibility. The original lease clearly states that, while the Commonwealth is the lessee, it is acting through the Department of General Services. It also states that the leased premises are for the use of the Department of Public Welfare, Philadelphia County Assistance Office, West district and are located at 5000 Parkside Avenue, Philadelphia. Lease Amendment No. 2 states that the Commonwealth is the lessee, though it is executed by the secretary of General Services.

Plaintiff's letter dated June 27, 1990, noting that she was injured inside the offices of the Department of Public Welfare, is addressed to a named party, the district administrator of West district at 5000 Parkside Avenue. This letter was not a notice of a claim against the Department of Public Welfare or other Commonwealth agency.

The next communication was apparently to the "Department of General Services" in Harrisburg. The next

---

3. While the writer quoted extensively from Judge Pellegrini's dissent at length, the dissent should be read in its entirety.

letter included with this motion was dated January 31, 1992, and addressed to one Charlie Wacker at the State Office Building in Philadelphia and refers to a claim by Carrie Rucker "v. Department of Public Welfare."

The next reference is Mr. Arbittier's letter of March 27, 1992, to Kathleen B. O'Connell, deputy attorney general, declining to grant an extension of time to answer plaintiff's complaint filed February 5, 1992 (service of which was accepted on February 26, 1992) unless the deputy attorney general would give assurances that plaintiff named the correct Commonwealth defendant.

It is clear that the Commonwealth's legal representative stood silent until the statute of limitations had effectively run.[4]

From the evidence presented to this court, it would appear that the Commonwealth engaged in a game of "gotcha." While a sophisticated attorney should know that the Commonwealth itself may not be named as a party defendant, there is some reason to question what Commonwealth entity should be named. The claimed injury occurred on property leased for use by a Commonwealth agency, the Department of Public Welfare. The leasing agent was the Department of General Services. It would appear clear that both of those agencies knew that Carrie Rucker was claiming injury. Presumably, someone in the warren of agencies made some kind of an investigation and apparently the results of that investi-

---

4. While the Commonwealth's answer was filed after 2 p.m. on Friday, April 3, 1992, one day before the statute would run, the answer was not docketed until April 6. There is no evidence as to when and how plaintiff's attorney was served with the answer and new matter which clearly asserted that plaintiff has sued the wrong Commonwealth entity.

gation were never communicated to plaintiff's counsel. Instead, the Commonwealth waited until "one minute before midnight" to assert its claim of sovereign immunity.

All of this speaks to the equitable functions of this court and suggests estoppel.

As further bases for distinguishing this case from the *Bainbridge* line of cases, this writer notes that:

(1) The actual agency occupying the premises in issue had notice that an injury thereon was alleged.

(2) The actual agency which executed the lease, DGS, had notice of the claim.

(3) In *Garcia,* the Commonwealth Court noted that the Commonwealth's Answer which raised the issue of sovereign immunity was filed two months *before* the statute of limitations would run.

(4) The complaint in *Wilson* was filed after the statute of limitations had run, as noted by the Commonwealth Court.

## CONCLUSION

For the reasons stated above, based upon the record before it, the court denies the motion for judgment on the pleadings. Further, upon appropriate application, this court will entertain a motion to amend if filed on behalf of plaintiff, Carrie Rucker.

## ORDER

And now, August 10, 1992, upon consideration of defendant Commonwealth of Pennsylvania's motion for judgment on the pleadings, and responses thereto, it is hereby ordered and decreed that defendant's motion is denied.