**Gitto v. Plumstead Township**

*Adrian R. Reid,* for plaintiff.

*George F. Bihn III,* for defendant Commonwealth of Pennsylvania.

*Donald Applestein,* for defendant Plumstead Township.

BIEHN, *J.,* December 7, 1992—Commonwealth of Pennsylvania (hereinafter defendant) filed a motion for judgment on the pleadings. In response, plaintiff filed a motion to amend the caption of the complaint. By order attached to this opinion, we hereby grant the motion

for judgment on the pleadings and deny the motion to amend.

Plaintiff filed a complaint against defendant and Plumstead Township alleging that he was injured in a one-vehicle (motorcycle) accident occurring on an icy road. Defendant filed its answer and new matter asserting the defense of sovereign immunity. Specifically, defendant contends that sovereign immunity has been waived only to permit actions against Commonwealth *parties* for certain categories of claims and that plaintiff's complaint fails to name a Commonwealth party as a defendant. In the instant case, the Commonwealth party concerned would be the Department of Transportation.

Defendant then filed its motion for judgment on the pleadings elaborating on the above contention and asserting that the statute of limitations expired on February 19, 1991. In response, plaintiff filed a motion to amend the caption of the complaint. Plaintiff desires to amend the caption to name the Department of Transportation as a defendant. Plaintiff argues that there can be no claim of or prejudice by the Department of Transportation. However, the current state of the law in Pennsylvania prohibits the granting of plaintiff's request.

In *Wilson v. Neff,* 134 Pa. Commw. 446, 448, 578 A.2d 1014, 1015 (1990), the court addressed the question of "whether the appellants should have been granted leave to amend their complaint to substitute [the Department of Transportation] for the Commonwealth, when the complaint was filed after the statute of limitations had run and was the first document filed with the court to identify

[the Department of Transportation] as a party." The court reiterated the law in this area as follows:

"We have addressed the issue presented in this case on three occasions in the past. In *Hall v. Acme Markets Inc.,* 110 Pa. Commw. 199, 532 A.2d 894 (1987), we held that the Commonwealth and DOT are separate and distinct parties and that only a Commonwealth party, i.e. an agency, such as DOT, or an employee of an agency acting within the scope of his employment, is subject to suit. We permitted the plaintiff in *Hall* to amend the complaint because we found that the naming of the Commonwealth rather than DOT was merely a technical defect which could be remedied by amendment. We also concluded that DOT would not be prejudiced by the amendment, because the secretary of DOT had been named as a party, prior to the expiration of the statute of limitations, and as a result, DOT had been involved in all aspects of the litigation from the moment suit was filed.

"In *Bainbridge v. Commonwealth,* 125 Pa. Commw. 406, 557 A.2d 456 (1989), plaintiffs were injured in an automobile accident in February 1985. The original complaint was filed against the Commonwealth, among other parties. The Commonwealth filed preliminary objections raising a question of the trial court's jurisdiction. Plaintiffs filed an amended complaint in March 1987, after the statute of limitations had run, naming DOT as a defendant rather than the Commonwealth. The trial court held that DOT and the Commonwealth were distinct entities, that the Commonwealth was absolutely immune to suit, and that the plaintiffs' amendment to the complaint was an attempt to name a new and distinct party rather than

a correction of the designation of a party. The trial court dismissed the amended complaint against DOT and the Commonwealth. We affirmed the trial court, holding, that an exchange of letters, between DOT and the 'Tort Claims Unit' of the Bureau of Risk and Insurance Management in the Department of General Services, did not constitute participation by DOT in the suit after it was filed. Unlike *Hall*, the Commonwealth was the only named party in the original action. Allowing an amendment to name DOT, after the statute of limitations had run, would be prejudicial to DOT.

"Finally, in *Garcia v. Commonwealth*, 131 Pa. Commw. 327, 570 A.2d 137 (1990), the plaintiff sent a notice of claim to the Commonwealth, to the attention of the 'Office of Attorney General, Tort Litigation.' No such notice was sent to DOT. The Tort Claims Prelitigation Division of the Department of General Services, Bureau of Risk and Insurance Management, conducted a limited investigation, receiving from DOT, a response to a request for information. The plaintiff filed a complaint naming only the Commonwealth. The Commonwealth filed a motion for judgment on the pleadings, alleging that it was immune from suit. In response to this motion, the plaintiff introduced the file of the Tort Claims Division, arguing that DOT had participated in the litigation by responding to the Tort Claims Division at the pre-litigation stage. The plaintiff also requested leave to amend his complaint, said request being filed after the statute of limitations had run on the cause of action. We concluded that a response to a request for information prior to the filing of suit, did not amount to 'participation in litigation.' As a result, permitting an amendment of the complaint

to name DOT as a party, after the statute of limitation had run, would be prejudicial to DOT." *Wilson* at 448-449, 578 A.2d at 1015.

The court in *Wilson* then concluded as to the facts before it:

"In the present litigation, *Bainbridge* and *Garcia* are controlling. While DOT actually received a notice of an intent to sue, such a notice is not commencement of suit. DOT had no involvement in the suit after it was filed. It was not until the complaint was filed, after the statute of limitations had run, that any mention of DOT was made in the pleadings. To permit an amendment to now add DOT as a party would be prejudicial to DOT." *Wilson* at 450, 578 A.2d at 1015. (footnote omitted)

Finally, in *Spencer v. Pavlik,* 139 Pa. Commw. 427, 590 A.2d 1342 (1991), *appeal denied,* 529 Pa. 628, 600 A.2d 543 (1991), the court addressed the same issue and found the following:

"In the instant matter the only references to DOT in the original pleading was a paragraph of the third-party complaint stating that the legislature had imposed upon DOT the duty to construct, improve, maintain and repair the highways within the Commonwealth of Pennsylvania, and the above-cited language of the ad damnum clause of the same document. However, the paragraph of the complaint setting forth the negligent conduct which is being complained of states that it was 'the carelessness and negligence of the Commonwealth of Pennsylvania...' not some act of DOT which was at issue.

"Appellants argue that the naming of the Commonwealth agency within the body of the joinder complaint,

as well as in the ad damnum clause, combined with the Commonwealth's use of the agency name in a motion to consolidate and responses to discovery, indicate that DOT was actually involved in the case from its inception, so as to permit the amendment of the joinder complaint to formally name DOT as a party, after the expiration of the statute of limitations. However, appellants ignore the fact that the attorney of record filed his appearance on behalf of the Commonwealth only. The mere reference to a separate and distinct party in a motion, body of a pleading, or ad damnum clause, is as a matter of law, insufficient to make that party a participant in the action. The rules of civil procedure require that the party be named in the caption, and the failure to so name a party is not a mere technical error that can be corrected after the statute of limitations has run. The naming of a party after the running of the statute of limitations is prejudicial, and will not be permitted." *Spencer* at 433-434, 590 A.2d at 1346.

In the instant case, the statute of limitations expired on February 19, 1991. Plaintiff's motion to amend was filed after that date. Plaintiff acknowledged that a key issue in our decision would be the involvement of the Department of Transportation and consequently, requested that we not rule on the pending motions until certain discovery was complete. We complied, after which plaintiff filed a supplemental brief in support of his motion which included the deposition of one Murtaugh Nicholas, an employee of the Commonwealth's Department of General Services, Tort Claims Pre-Litigation Unit.

We have reviewed Mr. Nicholas' deposition as well as the following chronology included in plaintiff's brief:

(1) PennDOT personnel responded to Mr. Gitto's accident within an hour after it occurred.

(2) Plaintiff's claim was subsequently investigated by Murtaugh Nicholas, a claims evaluator, for the Tort Claims Pre-Litigation Unit of the Commonwealth's Department of General Services.

(3) Murtaugh Nicholas' position involved the investigation of *all* tort claims brought against the Commonwealth under 42 Pa.C.S. §5522.

(4) Most of the claims Mr. Nicholas evaluates involve cases against PennDOT.

(5) In the course of his investigation of the Gitto claim, Mr. Nicholas contacted and consulted with PennDOT personnel who were aware of information regarding the accident.

(6) From the outset of his investigation, Mr. Nicholas knew that plaintiff's claim involved PennDOT.

(7) After the investigation was completed the case was turned over to George F. Bihn III, a deputy attorney general in the tort's litigation section of the Commonwealth's Office of Attorney General.

While the Department of Transportation may have been aware of plaintiff's accident, nothing in the record can compel us to conclude that the department has *participated in the litigation* of plaintiff's claim to the degree required by *Hall, Bainbridge* and the subsequent cases. On the factual record before this court, we find that plaintiff's failure to name the Department of Transportation prior to the expiration of the statute of limitations is fatal to plaintiff's claim. To allow the amendment of the com-

plaint at this stage would be prejudicial to the Department of Transportation.

Accordingly, we enter the following

ORDER

And now, December 7, 1992, upon consideration of the following motions, it is hereby ordered and directed that:

(1) The motion for judgment on the pleadings of defendant Commonwealth of Pennsylvania is granted. Plaintiff's complaint and the cross-claim of defendant Plumstead Township against the Commonwealth of Pennsylvania are dismissed with prejudice.

(2) Plaintiff's motion to amend the caption of the complaint is denied.