361 A.2d 842

**Ann CIANCHETTI, a minor, by her parent and natural guardian, Joseph J. Cianchetti, and Joseph J. Cianchetti, in his own right, Appellants,**

**v.**

**Harry J. KAYLEN.**

Superior Court of Pennsylvania.

June 28, 1976.

438

Haws & Burke, James S. Kilpatrick, Jr., Ardmore, for appellants.

George P. Noel, R. E. Cherwony, Media, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

This appeal is taken from the order of the lower court denying appellants' petition to amend their complaint in trespass.

The instant case arose out of a motor vehicle accident on April 26, 1968, in which the minor-plaintiff, Ann Cianchetti, was struck by an automobile owned and operated by the appellee, Henry J. Kaylen.[1] The ensuing negotiations between Henry J. Kaylen's insurance company, Transamerican Insurance Group, and appellants, failed to produce a settlement. Appellants, therefore, commenced an action in trespass on March 6, 1970, but named Harry J. Kaylen as the defendant. After several unsuccessful attempts at service, the sheriff returned the complaint. On May 11, 1970, the complaint was reinstated, and on May 26, 1970, the sheriff personally served the complaint on Henry J. Kaylen.

1. The appellee, Henry J. Kaylen, died on October 27, 1970.

Counsel entered an appearance on behalf of Henry J. Kaylen on June 8, 1970. On June 11, 1970, however, counsel petitioned to withdraw his appearance alleging that the named defendant, Harry J. Kaylen, had died on February 15, 1965. Appellants filed an answer to the petition to withdraw [2] and a petition to amend their complaint to change the name of the defendant from Harry J. Kaylen to Harry J. Kaylen also known as Henry J. Kaylen. On June 24, 1970, counsel for Harry J. Kaylen filed preliminary objections to appellants' petition to amend alleging that the statute of limitations had expired prior to the attempted amendment. Pursuant to stipulation between counsel on February 28, 1972, counsel for Harry J. Kaylen withdrew his June 8, 1970 appearance and counsel for Henry J. Kaylen entered his appearance. On appellee's (Henry J. Kaylen) motion, the lower court on October 30, 1972, dismissed appellants' complaint for failure of the appellant to proceed. Appellants filed a petition to open on November 3, 1972, which was granted by the lower court on May 8, 1975. On November 18, 1975, the lower court denied appellants' petition to amend and this appeal followed.

 Rule 1033 of the Pennsylvania Rules of Civil Procedure provides that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. . . ." The right to amend pleadings should be liberally granted in order to secure a determination on the merits whenever possible. See *Saracina v. Cotoia*, 417 Pa. 80, 208 A.2d 764 (1965). See also, 2A Anderson Pa. Civil Practice, 401–403; 1 Goodrich-Amram § 1033–1; 3 Standard Pa.

---

2. In appellants' answer to counsel's petition to withdraw, appellants alleged that counsel appeared at the direction of Henry J. Kaylen's insurance company and that counsel in reality, represented and appeared for Henry J. Kaylen and not the deceased Harry J. Kaylen.

Practice (Revised) 659. An amendment of the complaint, after the statute of limitations has run, to bring in a *new and distinct party* to the action cannot be permitted. See *Paulish v. Bakaites*, 442 Pa. 434, 275 A.2d 318 (1971); *Saracina v. Cotoia*, supra; *Powell v. Sutliff*, 410 Pa. 436, 189 A.2d 864 (1963); *Thompson v. Peck*, 320 Pa. 27, 181 A. 597 (1935). The operative test, therefore, is " '. . . whether the right party was sued but under a wrong designation, or whether a wrong person was sued and the amendment was designed to substitute another and distinct party.' " *Paulish v. Bakaites*, supra at 440, 275 A.2d at 321, quoting *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa. 23, 27, 53 A.2d 73 (1947).

The lower court determined that *Saracina v. Cotoia*, supra, mandated the denial of appellants' petition to amend. In *Saracina* the plaintiff was struck by an automobile driven by Robert Cotoia. Plaintiff's complaint, however, named Robert Cotoia's father, Anthony Cotoia, as the defendant. Anthony Cotoia's answer admitted ownership, denied that he was the driver of the automobile at the time of the accident and stated that his son, Robert Cotoia, was operating the car for his (the son's) own pleasure. After the statute of limitations had run, the plaintiff attempted to amend his complaint to change the named defendant from Anthony to Robert Cotoia. Our Supreme Court stated that "[t]he issue before us is whether . . . a complaint, after the expiration of the applicable statute of limitations, may be amended (1) to change the proper name of the defendant . . . ." *Saracina v. Cotoia*, supra at 83, 208 A.2d at 765. Despite the strong indications that the plaintiff intended to sue the operator of the car,[3] the Court held that an amend-

---

3. The Court noted that "[t]he caption of the complaint described the defendant as 'a minor' and the negligence alleged is that of the operator of the vehicle, who, in fact, was Robert, rather than Anthony Cotoia." *Saracina v. Cotoia*, supra at 83 n. 4, 208 A.2d at 766, n. 4.

ment to the complaint, after the statute of limitations had run, to bring in a new and distinct party to the action could not be permitted. The Court found that Anthony Cotoia was the only defendant who had been served and therefore was the only defendant before the Court. In effect the Court held that although the plaintiff *intended* to sue Robert Cotoia, he had *in fact* sued Anthony Cotoia. Any amendment, therefore, would add a new party to the action. Because the statute of limitations had run, the Court held that the lower court properly denied the plaintiff's petition to amend.

We recently addressed a similar issue in *DeRugeriis v. Brener*, 237 Pa.Super. 177, 348 A.2d 139 (1975). In *DeRugeriis*, plaintiff commenced suit against Herbert Brener, the owner of an automobile, following an automobile accident. After the expiration of the applicable statute of limitations, the defendant, Herbert Brener, filed an answer averring that Stephen Brener, his son, was the driver of the automobile at the time of the accident. Plaintiff then attempted to amend his complaint to change the named defendant from Herbert to Stephen Brener. Although we found the case similar to *Saracina v. Cotoia*, supra, in that the plaintiff intended to sue the driver-son and instead sued the father-owner, we allowed the complaint to be amended because the defense actively concealed the driver's true identity: "In the case before us, appellee did not supply appellant-driver with the correct information as to his name; nor did his father; nor did his insurance carrier. Either intentionally or not, appellee, original defendant Herbert Brener, and their agents actively misled appellants as to who the real driver was until after the statute of limitations had run."

The issue in the instant case, therefore, is whether the appellants, in fact, sued Henry J. Kaylen, but merely used the erroneous designation of "Harry J. Kaylen", or whether the appellants, in fact, sued Harry J. Kaylen.

The evidence supports the conclusion that appellants sued Henry J. Kaylen, but miscaptioned their complaint.[4]

The complaint in the instant case alleged that the defendant, Harry J. Kaylen, is an *individual residing at 2147 Chestnut Avenue, Ardmore*; that on or about April 28, 1968, the defendant *operated and owned* a 1961 Rambler American automobile; and that the defendant *negligently operated* the vehicle so as to strike the plaintiff. Because Harry J. Kaylen died in 1965, the only possible defendant to the instant action was Henry J. Kaylen. Further, Henry J. Kaylen was the sole resident of 2147 Chestnut Avenue, Ardmore. The instant case, therefore, is unlike both *Saracina* and *DeRugeriis* in which the named defendant was alive at the time of the accident and the suit, owned the automobile involved in the accident, and lived in the same household as the intended defendant.

There are other indications that the appellants, in fact, sued the appellee, Henry J. Kaylen. The sheriff testified at depositions that when he served the complaint, the appellee answered to the name of Harry J. Kaylen. All communications with the insurance company since the time of the accident referred to the defendant as Harry J. Kaylen. Despite this improper reference, it is clear that the insurance company treated Henry J. Kaylen, its insured, as the real party to the instant proceedings. By responding to the appellant's communications

4. An examination of federal procedure regarding amendments is enlightening. Rule 15(c) of the Federal Rules of Civil Procedure provides that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

in this manner, the appellee and his agents misled the appellants into believing that Harry J. Kaylen was, at least, a proper designation for Henry J. Kaylen.

Finally, the Court in *Saracina v. Cotoia,* supra at 84, 208 A.2d at 766, stated that "[i]f the *right party* was in court as the result of service of process and it was merely his or its designation which was sought to be changed, we would be prone to permit the amendment . . . However, in the case at bar . . . [t]he return in no way indicates that Robert Cotoia [the right party] was properly served and is now before the Court." In the instant case, the appellee is Henry J. Kaylen. The right party, therefore, is before this Court and was before the lower court since the 1972 stipulation of counsel. In the proceedings before the lower court, the appellee filed a petition to dismiss the action for failure to prosecute and an answer to appellants' petition to open judgment. Appellee's contention that he is not the defendant to the instant action, therefore, is negated by the record.

Under the circumstances of this case, therefore, the lower court erred in denying the appellants' petition to amend their complaint.

Order reversed.

SPAETH, J., concurs in the result.

PRICE, J., files a dissenting opinion.

PRICE, Judge (dissenting).

The majority notes that the appellee, Henry J. Kaylen, died on October 27, 1970. Were it not for this fact, I could accept the result of the majority's holding. Because of it, I respectfully dissent.

Initially I agree that the evidence supports the conclusion that appellants sued Henry J. Kaylen but miscaptioned their complaint. However the unsuccessful

attempts by the sheriff to serve this complaint between its filing on March 6, 1970 and May 26, 1970 when it was finally served are notice to appellants of a problem which to me would place upon them a burden of further investigation. Harry J. Kaylen, the named defendant, had died on February 15, 1965, more than three (3) years prior to the motor vehicle accident involved herein. Harry J. Kaylen was the father of the appellee, Henry J. Kaylen (R 39a). The police report clearly indicates the driver involved to be Henry J. Kaylen (R 38a). The most elementary investigation by appellants would have disclosed the error and allowed early correction of the matter either by prompt amendment or the filing of a correct complaint in a new action. Failing this, the appellants are responsible for the delay and the obvious resulting prejudice to appellee's position. To my view, it is simply improper to now permit the amendment and the lower court acted properly within the ambit of Rule 1033 and the applicable law when, by order dated November 18, 1975 it denied appellants' petition to amend.

Nor do I find any basis to conclude that appellee's agent, his insurance carrier, misled appellants into believing that Harry J. Kaylen was, at least, a proper designation for appellee. It is, to me, just as logical to conclude that the agent was honestly confused by the use of the wrong name. The only possible support for the majority's conclusion is contained in appellants' pleading styled Plaintiffs' Answer to the Petition for Withdrawal of Appearance (R 12a) under New Matter. These allegations are then summarized in appellants' brief purportedly as a review of the evidence (Brief p. 11) when in truth they are not evidence. There is not an iota of evidence supporting these allegations. Further, by Stipulation of Counsel dated February 28, 1972 (R 69a) the pleading containing these allegations was withdrawn. I, therefore, find no support for the majority's conclusion that appellee's agent misled appel-

446 

lants. And indeed, the lower court never was presented with such a claim.

I would affirm the order of the lower court dated November 18, 1975.