634 A.2d 683

**Thomas GITTO, Appellant,**

v.

**PLUMSTEAD TOWNSHIP and Commonwealth of Pennsylvania.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1993.

Decided Nov. 17, 1993.

Adrian R. Reid, for appellant.

George F. Bihn, III, Deputy Atty. Gen., for appellees.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Thomas Gitto (Gitto) appeals from an order of the Court of Common Pleas of Bucks County (trial court) which denied Gitto's motion to amend the caption of his complaint and granted the motion for judgment on the pleadings filed by the Commonwealth of Pennsylvania (Commonwealth). For the reasons which follow, we affirm.

On November 8, 1990, Gitto, a New Jersey resident, filed a complaint in the United States District Court for the Eastern District of Pennsylvania (district court) against Plumstead

Township and the Commonwealth, alleging that he was injured in a one vehicle accident occurring on State Route 32 in Plumstead Township. On December 11, 1990, Gitto filed a motion for leave to transfer the action to the trial court. By order dated January 11, 1991, the Honorable John Fullam of the district court granted Gitto's motion which was unopposed and transferred the case to the trial court.

On September 11, 1991, the Commonwealth filed an answer and new matter asserting the defense of sovereign immunity. Specifically, the Commonwealth asserted that the General Assembly has only waived sovereign immunity to permit actions against Commonwealth parties for certain specific categories of claims, and that by naming only the Commonwealth, Gitto failed to name a Commonwealth party.

Thereafter, the Commonwealth filed a motion for judgment on the pleadings asserting sovereign immunity and the failure to name a Commonwealth party within the prescribed statute of limitations. Gitto responded with a motion to amend the caption of the complaint to include the Commonwealth of Pennsylvania, Department of Transportation (DOT) as a named defendant.

Prior to oral argument on the motions, Gitto conducted limited discovery to ascertain the extent of DOT's involvement in the litigation and possible prejudice which DOT may suffer as a result of the amendment of the caption. At oral argument before the trial court, Gitto asserted that the factual record he created clearly indicated that DOT was aware of the accident, involved in the litigation process, and would not be prejudiced by the amendment.

The trial court disagreed. The trial court concluded that the Commonwealth was absolutely immune from suit and that the addition of a Commonwealth party would be an attempt to name a new and distinct party and not merely the correction of a designation of a party. The trial court further concluded that DOT would indeed be prejudiced by the proposed amendment to the caption. Accordingly, the trial court denied Gitto's motion to amend the caption of his complaint and

granted the motion for judgment on the pleadings filed by the Commonwealth.

On appeal to this court, the sole issue presented is whether the trial court erred in denying Gitto's motion to amend the caption of his complaint after the statute of limitations had expired.

Gitto contends that DOT will not be prejudiced by the amendment because the factual record indicates that Commonwealth employees from the Department of General Services (DGS) and the Office of Attorney General have acted on DOT's behalf since the inception of this action. Moreover, Gitto argues that general principles of fairness requiring liberality of amendment justify his request to amend the caption of the complaint.

The Commonwealth contends that the trial court properly denied Gitto's motion to amend because the Commonwealth is a separate and distinct entity from that of its agencies and is immune from suit, even in the categories of cases with respect to which the legislature has waived sovereign immunity. Additionally, the Commonwealth asserts that Gitto's failure to name DOT, a Commonwealth party, in his complaint prior to the expiration of the statute of limitations is fatal to his claim. We agree.

The issue presented in this case is controlled by the decisions of this court in *Bainbridge v. Commonwealth of Pennsylvania, Department of Transportation,* 125 Pa.Commonwealth Ct. 406, 557 A.2d 456 (1989); *Garcia v. Commonwealth of Pennsylvania,* 131 Pa.Commonwealth Ct. 327, 570 A.2d 137 (1990) and *Spencer v. Pavlik,* 139 Pa.Commonwealth Ct. 427, 590 A.2d 1342, *petition for allowance of appeal denied,* 529 Pa. 628, 600 A.2d 543 (1991).

In *Bainbridge,* the plaintiffs filed a complaint against Pocono Township, Pocono Campsites and the Commonwealth of Pennsylvania, alleging that they were injured in an auto accident on an icy road. They further alleged that the defendants' negligence with respect to the road resulted in the

presence of an icy patch which caused the accident and, therefore, caused their injuries.

The plaintiffs filed an amended complaint after the statute of limitations had run, naming DOT as a defendant rather than the Commonwealth. The trial court dismissed the amended complaint. This court affirmed. Specifically, we concluded that

> [t]he accident in this case is alleged to have been caused by a defect of a road which was allegedly caused by negligence in design, construction and/or maintenance. This is not an instance where it is difficult for an injured party to know what Commonwealth party should be named in an action for damages. Clearly the failure to name DOT as a party in this case is not a technical defect that may be remedied after the applicable statute of limitations has run. To permit DOT to be named as a party at this point in the litigation of this case would be prejudicial to DOT.

*Bainbridge*, 125 Pa.Commonwealth Ct. at 410, 557 A.2d at 458.

In *Garcia*, counsel for the plaintiff sent a notice of claim to the Commonwealth, addressed to the attention of the Office of Attorney General, Tort Litigation Section, asserting that the plaintiff was injured in a trip and fall accident on a street in Philadelphia. The notice was forwarded to DGS which conducted a limited investigation. As part of its investigation, DGS received a memorandum from DOT which indicated that during a routine inspection DOT had observed an excavation ditch and sent notification to the party it believed was responsible for the condition. DGS then informed Garcia's counsel of the information it received from DOT.

Garcia filed a complaint naming as defendants, the Commonwealth, the City of Philadelphia and Southeastern Pennsylvania Transportation Authority. The Commonwealth filed an answer and new matter raising the defense of sovereign immunity. The Commonwealth then filed a motion for judgment on the pleadings. Garcia responded with a motion for leave to amend his complaint. The trial court denied the motion for judgment on the pleadings and granted Garcia's

motion for leave to amend. Specifically, the trial court permitted Garcia to substitute DOT for the Commonwealth and precluded DOT from raising the statute of limitations as a defense.

On appeal to this court, we reversed. We concluded that DOT's response to a request for information from DGS, prior to the filing of the lawsuit, did not amount to participation in the litigation by DOT. Therefore, we held that permitting amendment of the complaint to name DOT as a party after the statute of limitations had run would be prejudicial to DOT.

Most recently, this court addressed the issue of whether a pleading can be amended to change the designation of a party after the statute of limitations has run in *Spencer*. The plaintiffs in *Spencer* filed a wrongful death and survival action seeking damages for the death of their daughter in a four vehicle accident. The only references to DOT in the original pleadings were a paragraph of the third-party complaint stating that the legislature had imposed upon DOT the duty to construct, improve, maintain, and repair the highways within the Commonwealth of Pennsylvania, and a statement in the ad damnum clause that the additional defendant, DOT, is alone liable to the plaintiffs.

The Commonwealth moved for summary judgment asserting that no Commonwealth party had been named prior to the expiration of the statute of limitations and that the Commonwealth itself was immune from liability. The plaintiffs argued that leave to amend the joinder complaint should be granted to permit a change in the designation of the governmental party from Commonwealth of Pennsylvania to Commonwealth of Pennsylvania, Department of Transportation. The trial court disagreed and granted summary judgment in favor of the Commonwealth.

On appeal, we affirmed. Specifically, this court concluded that the mere reference to a separate and distinct party in a motion, body of a pleading, or ad damnum clause is as a matter of law insufficient to make that party a participant in the action. Moreover, this court noted that the rules of civil

procedure require that a party be named in the caption and failure to do so is not a mere technical error which can be corrected after the statute of limitations has run.

In the present action, DOT was not named in the caption of the complaint nor was it referenced in any of the pleadings. In fact, Gitto made no effort to amend his complaint until after the statute of limitations had expired and the Commonwealth had moved for judgment on the pleadings. Moreover, as we noted in *Bainbridge*, this is not one of those instances where it is difficult to know what Commonwealth party should be named in an action for damages which allegedly resulted from the negligent inspection, maintenance or design of a road.

Therefore, in accordance with the decisions of this court in *Bainbridge, Garcia,* and *Spencer,* we conclude that Gitto's failure to name a Commonwealth party in the caption of his complaint prior to the expiration of the statute of limitations is fatal to Gitto's claim.

Accordingly, the order of the trial court denying Gitto's motion for leave to amend the caption of his complaint and granting the motion for judgment on the pleadings filed by the Commonwealth is affirmed.

## ORDER

AND NOW, November 17, 1993, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.