**Ingrid Viive TORK–HIIS and Lembit Andres Tork, Executors of the Estate of Inge Ilme Tork and Ingrid Viive Tork–Hiis and Lembit Andres Tork, Executors of the Estate of Andres Tork, Appellants,**

v.

**COMMONWEALTH of Pennsylvania, John Doe I and John Doe II.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 10, 1998.

Decided July 2, 1998.

Howard A. Rothenberg, Scranton, and Stephen G. Bressett, Honesdale, for appellants.

James P. Kearney, Scranton, for appellee.

Before COLINS, President Judge, and DOYLE, McGINLEY, PELLEGRINI, KELLEY, FLAHERTY and LEADBETTER, JJ.

PELLEGRINI, Judge.

Ingrid Viive Tork–Hiis and Lembit Andres Tork (Executors), Executors of the estates of their parents, Inge Ilme Tork and Andres Tork (Torks), appeal an order of the Court of Common Pleas of Pike County (trial court) dismissing their complaint filed against the Commonwealth of Pennsylvania for failure to name a Commonwealth party.

This case arises as a result of the following facts as alleged by the Executors. On or about January 25, 1994, their parents, who were residents of Toronto, Ontario, Canada, arrived at Promised Land State Park to cross-country ski. They entered the main office, told the park employee they intended to cross-country ski, and signed a logbook indicating the date and time they were going out into the park. When the park closed on January 25, 1994, the park employees failed to review the logbook to determine if the Torks had returned from their day of skiing. The next day, park employees located an abandoned vehicle that belonged to the Torks in one of the park's parking lots, but they took no action to ascertain the ownership of that vehicle. On January 28, 1994, park employees again saw the Torks' vehicle but still did not investigate the ownership of·that car. Only on February 2, 1994, did park employees investigate the ownership of the unidentified car and initiate a search of the park. That same day, they located the Torks' bodies at which time the Torks were pronounced dead.

On January 20, 1995, the Executors filed a praecipe for writ of summons against the Commonwealth of Pennsylvania, John Doe I and John Doe II. The Executors also filed a certificate of service of interrogatories and request for production of documents. In the interrogatories, the Executors requested the Commonwealth to identify any person who made a report or statement regarding the lawsuit, identify any witnesses it expected to call at trial and identify any document or photographs pertaining to the lawsuit. The Office of Attorney General filed an answer on behalf of the Commonwealth indicating that it took no statements or reports from any person and that it had not determined what witnesses would be called at trial.

On September 10, 1996, the Commonwealth filed a praecipe for rule to file complaint. The Executors then filed a wrongful death and survival action for each parent. In their complaint, they alleged that the Commonwealth, John Doe I and John Doe II were negligent, *inter alia,* in failing to properly mark the cross-country trails, supervise cross-country skiing activities and maintain the cross-country trails where their parents got lost and died. They also alleged that the Commonwealth was negligent in failing to check the logbook which would have shown that the Torks had not checked out of the park and in failing to conduct an immediate search of the park upon discovering their vehicle.

The Commonwealth filed preliminary objections in the nature of a demurrer alleging that the Executors sued the Commonwealth as an individual entity that remained immune and failed to name a "Commonwealth party" for which immunity had been waived in certain circumstances. Because the statute of limitations had run, the Commonwealth argued that the Executors could no longer amend their complaint to name a new and/or additional party. It contended that to permit the Executors to do so would be prejudicial to the Commonwealth. The Executors filed an answer arguing that the complaint was served upon the Commonwealth within the statute of limitations and the Commonwealth never indicated a "Commonwealth party" had to be sued and/or appear in the caption. Agreeing with the Commonwealth and based on our case law, the trial court held that because immunity was only waived as to "Commonwealth parties" and not the Commonwealth itself, the Commonwealth was immune from suit. Because the statute of limitations had run, the trial court also found that the failure to name a Commonwealth party in the caption was not merely a technical error that could be corrected, and to allow an amendment to the complaint after the statute had run would be prejudicial to the Commonwealth. It then granted the Commonwealth's preliminary objections and dismissed the Executor's complaint with prejudice. This appeal by the Executors followed.

The sole issue on appeal is whether an amendment to a pleading naming a Commonwealth party is the substitution of a new party or merely the correction of a caption when the Commonwealth was originally named in the pleading.[1]

■ Pleadings may be amended pursuant to Pa. R.C.P. No. 1033 which provides the following:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, *correct the name of a party* or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted. (Emphasis added.)

While the correction of the name of a party may be made to a pleading at any time, *Wicker v. Esposito,* 500 Pa. 457, 457 A.2d 1260 (1983), the substitution of a new party that has the effect of adding a new and distinct party outside the statute of limitations is not permitted. *Cianchetti v. Kaylen,* 241 Pa. Superior Ct. 437, 361 A.2d 842 (1976).

The Commonwealth contends that because it is immune from suit under the sovereign immunity statute, and the Executors are attempting to add a new Commonwealth party to the pleading after the statute of limitations has run, the trial court properly granted its preliminary objections because a "Commonwealth party", by definition, is a distinct entity from the Commonwealth that cannot be substituted after the statute of limitations has run.[2]

In *Jacob's Air Conditioning and Heating v. Associated Heating and Air Conditioning,* 366 Pa. Superior Ct. 430, 531 A.2d 494 (1987), our Superior Court discussed the difference between an amendment for the purpose of correcting a party's name or adding a new party to the litigation, noting first that amendments to pleadings should be liberally granted to secure decisions of cases on their merits and not on technical defects, and that amendments should not be permitted where the result is surprise or prejudice to the opposing party. *Id.,* 366 Pa. Superior Ct. at 430, 531 A.2d at 496. It continued explaining that after the statute of limitations had run and a party wanted to amend its complaint, the following test was to be utilized in order to determine whether the proposed amendment merely corrected a party's name or added a new party to the litigation:

> There is no change of assets subject to liability by permitting appellant to amend its pleading. This is a common concern in cases where a party has not been permitted to change the form of the business entity. Stated otherwise, appellee could not be prejudiced, regardless of the form of the business entity if the assets subject to liability remain the same. Generally, when an appellee will not be prejudiced by the proposed change, courts are inclined to deem the change one of name only, not of party, and will permit the amendment to allow the change.

*Id.* at 433–434, 531 A.2d at 496.

■ Just because the Commonwealth was named as a defendant does not mean that the

---

1. In reviewing the trial court's ruling on preliminary objections, we must accept as true all material facts set forth in the complaint and all inferences reasonably deducible therefrom. *Black v. Shrewsbury Borough,* 675 A.2d 381 (Pa.Cmwlth. 1996). A demurrer presents the question of whether, on the facts averred, the law says with certainty that no recovery is possible; where any doubt exists, it should be resolved in favor of overruling the demurrer. *Id.*

2. "Commonwealth party" is defined under 42 Pa.C.S. § 8501 as a Commonwealth agency. Under 42 Pa.C.S. § 102, "Commonwealth agency" is defined as any executive agency or independent agency. Under that same section, "Executive agency" is defined as the Governor and the departments, boards, commissions, authorities and other officers and agencies of the Commonwealth government, but the term does not include any court or other officer or agency of the unified judicial system, the General Assembly and its officers and agencies, or any independent agency. "Independent agency" is defined as boards, commissions, authorities and other agencies and offices of the Commonwealth government which are not subject to the policy supervision and control of the Governor, but the term does not include any court or other officer or agency of the unified judicial system or the General Assembly and its officers and agencies.

rules of civil procedure allowing for the correction of a name do not apply. The only consideration to allow Executors to correct the name from the Commonwealth to another name is whether the assets are the same no matter who is named. In this case, we agree that the Executors can correct the name on their pleading if the entity that they want to name as the correct party has the same assets as the Commonwealth. Because the trial court concluded on preliminary objections that the Commonwealth was immune from suit and there could be no amendment, Executors did not have an opportunity to amend their pleading to set forth the corrected name of the party.[3]

Accordingly, we reverse the trial court's order granting the Commonwealth's preliminary objections and dismissing the Executor's complaint and remand this case to the trial court so that the Executors may file a motion to amend the caption within 30 days of this order. The trial court can then determine whether the corrected party has the same assets as the Commonwealth and the name correction should be permitted.[4]

## ORDER

AND NOW, this 2nd day of July, 1998, the order of the Court of Common Pleas of Pike County dated May 1, 1997, granting the Commonwealth's preliminary objections and dismissing the Executor's complaint is reversed and the case is remanded to the trial court so that the Executors may file a motion to amend the caption within 30 days of this order. The trial court can then determine whether the corrected party has the same

assets as the Commonwealth and the name correction should be permitted.

Jurisdiction is relinquished.

COLINS, President Judge, concurs in the result only.

McGINLEY, J., files a dissenting opinion joined by LEADBETTER, J.

McGINLEY, Judge, dissenting.

I respectfully dissent. In *Spencer v. Pavlik*, 139 Pa.Cmwlth. 427, 590 A.2d 1342 (1991) this Court stated:

[O]nce again ... this court ... address[es] the issue of when a pleading can be amended to change the designation of a party after the statute of limitations has run. This issue has been before us previously in three reported cases. In *Hall v. Acme Markets, Inc.*, 110 Pa.Commonwealth Ct. 199, 532 A.2d 894 (1987), we held that the Commonwealth is an entity distinct from the agencies and employees encompassed in the term 'commonwealth party' as defined in the immunity statute 42 Pa.C.S. § 8501. We held further that only commonwealth parties may be sued for damages, and that pursuant to 1 Pa. C.S. § 2310 and 42 Pa.C.S. § 8522(a) the Commonwealth itself is absolutely immune from suit. In *Hall* we permitted the amendment of the complaint because DOT had been involved in all aspects of the litigation from its inception: the Secretary of DOT had been named in the original complaint.

The second case where we addressed this issue was *Bainbridge v. Department of Transportation*, 125 Pa.Commonwealth Ct.

---

**3.** This decision expressly overrules our previous decisions in *Gitto v. Plumstead Township*, 159 Pa.Cmwlth. 668, 634 A.2d 683 (1993); *Spencer v. Pavlik*, 139 Pa.Cmwlth. 427, 590 A.2d 1342, *petition for allowance of appeal denied*, 529 Pa. 628, 600 A.2d 543 (1991); *Garcia v. Commonwealth of Pennsylvania*, 131 Pa.Cmwlth. 327, 570 A.2d 137 (1990) and *Bainbridge v. Commonwealth of Pennsylvania, Department of Transportation*, 125 Pa. Cmwlth. 406, 557 A.2d 456 (1989), *petition for allowance of appeal denied*, 525 Pa. 586, 575 A.2d 116 (1990), all cases in which plaintiffs were denied the right to amend their complaints against the Commonwealth with the proper Commonwealth party – the Department of Trans-

portation – after the statute of limitations had run because the mere reference to a separate and distinct party in a pleading was insufficient to make that party a participant in the action and would be prejudicial.

**4.** We note that not every Commonwealth party has the same assets as the Commonwealth. *See, e.g., Marshall v. Port Authority of Allegheny County (PAT)*, 524 Pa. 1, 568 A.2d 931 (1990) and *Byard v. Philadelphia Housing Authority*, 157 Pa. Cmwlth. 269, 629 A.2d 283, *petition for allowance of appeal denied*, 536 Pa. 618, 637 A.2d 278 (1993).

406, 557 A.2d 456 (1989). In Bainbridge the plaintiffs ... filed a trespass action against the township [Mt. Pocono], the Commonwealth and the campsite [Pocono Mountain Campsites]. The Commonwealth filed preliminary objections ... on the basis that the complaint did not name a commonwealth party and that the Commonwealth was absolutely immune from suit. Plaintiffs then filed an amended complaint which named DOT as a defendant in place of the Commonwealth. The Commonwealth filed preliminary objections on behalf of DOT alleging that DOT was a new and distinct party and that the statute of limitations had run before the amended complaint had been filed. *We held that DOT was a distinct party* ... [and that] *naming DOT as a party, after the running of the statute of limitations, was not the correction of a technical defect, and would be prejudicial to DOT.*

Finally, in *Garcia v. Commonwealth*, 131 Pa.Commonwealth Ct. 327, 570 A.2d 137 (1990) ... [t]he plaintiff filed her complaint [and] identified the party in the caption as the Commonwealth, and within the body of the complaint as the Commonwealth of Pennsylvania, Office of Attorney General. The Commonwealth filed an answer and new matter raising the defense of sovereign immunity, and a motion for judgment on the pleadings, alleging that it was not a proper party.... The plaintiff sought leave to amend the complaint to substitute DOT for the Commonwealth and to preclude DOT from raising the statute of limitations as a defense. The trial court ... granted plaintiff leave to amend her complaint by substituting DOT for the Commonwealth....

We reversed the order of the trial court, holding that ... DOT's response to a request for information from DGS was not participation in litigation as in Hall, to permit substitution of parties.

In the instant matter ... [t]he mere reference to a separate and distinct party in a motion, body of a pleading, or ad damnum clause, is a matter of law insufficient to make that party a participant in the action. *The rules of civil procedure require that the party be named in the caption, and the failure to so name a party is not a mere technical error that can be corrected after the statute of limitations has run.* (footnotes omitted and emphasis added).

*Spencer*, 590 A.2d at 1344–46.

In the present controversy, I believe that the majority's decision to allow the Executors to amend the caption in order to name a Commonwealth party after the statute of limitations has run is tantamount to the substitution of a new party and not merely a correction of the caption. I would affirm the order of the trial court pursuant to this Court's decisions in *Spencer; Garcia; Bainbridge;* and *Gitto v. Plumstead Township,* 159 Pa.Cmwlth. 668, 634 A.2d 683 (1993)[1] and dismiss the complaint.

LEADBETTER, J., joins in this dissent.

---

1. In *Gitto* this Court concluded that the failure to name a Commonwealth party in the caption of Thomas Gitto (Gitto) prior to the expiration of the statute of limitations was "fatal to Gitto's claim." *Id.* 634 A.2d at 686.