**Linda PIEHL and William Piehl, h/w, Appellants**

v.

**CITY OF PHILADELPHIA and Commonwealth of Pennsylvania.**

Commonwealth Court of Pennsylvania.

Argued June 13, 2007.

Decided July 27, 2007.

---

Christine Godwin, Philadelphia, for appellants.

Howard G. Hopkirk, Sr. Deputy Attorney General, Harrisburg, for appellee, Commonwealth of PA.

BEFORE: LEADBETTER, President Judge, COLINS, Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Linda and William Piehl, husband and wife (the Piehls), appeal an order of the Court of Common Pleas of Philadelphia County (trial court) granting the Attorney General's motion for judgment on the pleadings and dismissing their complaint on the basis of sovereign immunity. In this case, we consider whether a Commonwealth agency is a party defendant if it is not correctly named in the caption of the complaint but is correctly named in the body of the complaint.

On March 8, 2005, the Piehls filed a complaint alleging that on March 13, 2003, Linda Piehl sustained injuries when she tripped and fell on an uneven portion of the roadway on Allegheny Avenue. The parties claimed to be responsible for her fall were identified as follows:

3. Defendant City of Philadelphia (hereinafter referred to as "Defendant City") is a political subdivision which is subject to suit pursuant to 42 Pa.C.S. Section 8542 with a principal place of business located at 1515 Arch Street, Philadelphia, PA 19102.

4. Defendant, *Department of Transportation of the Commonwealth of Pennsylvania,* (*hereinafter referred to as "Defendant Commonwealth")* is a governmental agency with a principal place of business at 1400 Spring Garden Street, Philadelphia, PA 19130.

Complaint ¶¶ 3, 4; Reproduced Record at 3a (R.R. ——) (emphasis added). Consistent with the above-cited shorthand designations for each defendant, the complaint alleged, *inter alia,* that the accident was caused by the negligence of "Defendants City and Commonwealth," their agents and employees. Complaint ¶ 13; R.R. 4a.[1] Relief was requested of the named defendants, jointly and severally, for damages in excess of $50,000. The caption of the complaint named the defendants as "City of Philadelphia c/o Law Department" and "Commonwealth of Pennsylvania," and noted the address for each that appeared in paragraphs 3 and 4 of the complaint. The complaint was served on the Department of Transportation and the Office of Attorney General.[2]

On March 22, 2005, the Attorney General filed an answer and new matter "on

---

1. The complaint explained liability as follows:

 6. At all times pertinent herein, Defendants City and Commonwealth, by and through their agents, servants, workmen or employees, had under its ownership, care, direction, supervision, control and maintenance, the roadway at the intersection of Allegheny Avenue, west of Aramingo Avenue, County of Philadelphia, Commonwealth of Pennsylvania.

 Complaint ¶ 6, R.R. 3a.

2. The Judicial Code states, in relevant part, as follows:

 service of process in the case of an action against the Commonwealth shall be made at the principal or local office of the Commonwealth agency that is being sued and at the office of the Attorney General.

 42 Pa.C.S. § 8523(b). The parties agreed at oral argument that the Piehls' complaint was served at both offices. They also agreed that the Piehls filed a written statement with the Department of Transportation and with the office of the Attorney General within six months of Linda Piehl's injury of their intent to "file an action against a Commonwealth

behalf of Defendant Commonwealth of Pennsylvania." R.R. 9a. The answer replied to paragraphs 3 and 4 as follows:

3. Admitted.

4. The allegations set forth in this paragraph of the Complaint constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. To the extent that portions of this paragraph could be construed as factual allegations, and [sic] strict proof thereof is hereby demanded at the time of trial.

Answer, ¶¶ 3; 4; R.R. 9a. In new matter, the answer raised the defense of sovereign immunity. Answer ¶¶ 24–32; R.R. 14a–15a.

On April 20, 2005, the Attorney General filed a motion for judgment on the pleadings, asserting that the Piehls' claim was barred by sovereign immunity. The Piehls countered that their omission of "Department of Transportation" on the line below, or above, "Commonwealth of Pennsylvania" in the caption of the complaint was a clerical error that could be corrected by amendment. Further, they noted that because the answer did not deny paragraph 4 of the complaint, the allegation therein was admitted. This admission made the Department of Transportation the party defendant. Sovereign

immunity has been waived in some circumstances for the Department of Transportation, and the Piehls contended that their complaint met one of those circumstances. Finally, the Piehls maintained they should be permitted to correct the caption, which would obviate the Attorney General's motion.[3]

On May 23, 2005, the trial court granted the motion for judgment on the pleadings and dismissed the Piehls' complaint. In its opinion issued pursuant to Pa. R.A.P. 1925(b), the trial court concluded that the absence of "Department of Transportation" in the caption of the Piehls' complaint was an error fatal to the complaint. The Piehls have appealed this order.[4]

■■■ On appeal,[5] the Piehls contend that the trial court erred. Noting that the complaint alleged that the Department of Transportation was the defendant, and this allegation was not denied, the Piehls reason that the Department of Transportation was a party to the litigation from the outset. Accordingly, the Piehls contend that they should be allowed to add "Department of Transportation" to the caption to make it conform to the body of the complaint. In response, the Attorney General argues that if the Piehls are allowed to correct the caption, they will add a new defendant to the litigation. It is too

agency for damages...." 42 Pa.C.S. § 5522(a).

3. The trial court did not address Appellants' request to amend, noting that the Commonwealth, as the party moving for judgment on the pleadings, had framed the issue presented as whether the complaint should be dismissed. Pa. R.A.P. 1925(b) Opinion at 2, n. 2.

4. On January 1, 2006, by stipulation and agreement, the City of Philadelphia was dismissed as a party to the case.

5. When reviewing a trial court's decision to grant a motion for judgment on the pleadings,

this court's scope of review is plenary. *Glover v. SEPTA*, 794 A.2d 410, 413, n. 4 (Pa. Cmwlth.2002). This court must confine its consideration to the pleadings filed, accepting as true all well pled statements of fact, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed. *Id.* Further, this court will sustain the trial court's grant of judgment on the pleadings only where the movant's right to succeed is certain and the case is so free from doubt that a trial would be a fruitless exercise. *Id.*

late to do so inasmuch as the statute of limitations has expired.

We begin with a review of the law governing pleading amendment. Pa. R.C.P. No. 1033 permits a party to correct the name of an adverse party or amend a pleading at any time "either by filed consent of the adverse party or by leave of court."[6] It is equally well-settled that a new party may not be brought into an action after the statute of limitations has expired. *Cianchetti v. Kaylen,* 241 Pa.Super. 437, 361 A.2d 842, 843 (1976). In sum, amendments to a pleading, whether to the caption or body of the complaint or both, are permitted after the statute of limitations has run to correct the name of an adverse party, but not to add new parties.

Our Supreme Court has addressed the question of changing a defendant's name after the statute of limitations has run. In *Gozdonovic v. Pleasant Hills Realty Co.,* 357 Pa. 23, 53 A.2d 73 (1947), the plaintiff identified the defendant as "Pleasant Hills Realty Company, a corporation." *Id.* at 29, 53 A.2d at 76. After the statute of limitations expired, Gozdonovic attempted to amend the complaint to change the description of the entity from a corporation to a partnership.[7] In framing the issue, the Court stated that the

question for determination is whether the right party was sued but under a wrong designation, or whether a wrong party was sued and the amendment was designed to substitute another and distinct party.

*Id.* Because it was permissible to prosecute an action against a partnership in its firm name, instead of in the name of the individuals trading as the partnership, the amendment was allowed. The Court held that the amendment did not involve a substitution of parties.[8]

The task here is how to apply these principles in suits brought against state government. Our Supreme Court has established that the Commonwealth and its agencies are distinct parties, at least for purposes of pleading a tort action for which sovereign immunity has been waived. *Tork–Hiis v. Commonwealth,* 558 Pa. 170, 735 A.2d 1256 (1999).

In *Tork–Hiis,* the plaintiffs initiated a wrongful death and survivor action against the "Commonwealth of Pennsylvania" and two "John Doe" defendants after their parents died while cross-country skiing in a state park. The Commonwealth preliminarily objected on the grounds that it was immune from damages; that the plaintiffs had failed to name a "Commonwealth party" for which immunity had been waived;

---

**6.** Rule 1033 provides:

A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, *correct the name of a party or amend his pleading.* The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa. R.C.P. No. 1033 (emphasis added).

**7.** It appears that amendments were required to be made both to the caption of the complaint and to averments in the complaint.

**8.** The principle of *Gozdonovic, i.e.,* permitting corrections where the right party is sued but under the wrong designation, remains the law. *See, e.g., Powell v. Sutliff,* 410 Pa. 436, 189 A.2d 864 (1963) (allowing a post-statute of limitations amendment of caption from partnership to corporation); *Paulish v. Bakaitis,* 442 Pa. 434, 275 A.2d 318 (1971) (called into question on other grounds) (allowing a post-statute of limitation amendment to name a partnership rather than the successor corporation).

and that the statute of limitations precluded amendment of the complaint. The trial court determined that the Commonwealth agency must be identified in the pleading as a defendant before the statute of limitations had expired. This Court reversed, holding that the substitution or addition of a Commonwealth agency was permissible, even after the statute of limitations had expired, so long as the same assets were exposed to judgment before and after the amendment. *Tork–Hiis v. Commonwealth*, 714 A.2d 518 (Pa.Cmwlth.1998).[9]

The Pennsylvania Supreme Court rejected this analysis, concluding that "the assets of the [C]ommonwealth are not the same as the assets of any of its agencies." *Tork–Hiis*, 558 Pa. at 177, 735 A.2d at 1259.[10] It explained that the proper inquiry is whether the correct party was sued but under a wrong designation—in which event the amendment is permissible—or whether the wrong party was sued and the amendment will have the effect of substituting another party for the one originally named. *Tork–Hiis*, 558 Pa. at 175–176, 735 A.2d at 1258 (citing to *Gozdonovic*). The Supreme Court observed that the General Assembly has waived sovereign immunity "for a Commonwealth party," which is a "Commonwealth agency and any employee thereof." 42 Pa.C.S. 8501. The Supreme Court also observed that naming only the "Commonwealth" as defendant, instead of the appropriate agency, would cause significant hardship:

> The aggrieved party's counsel would be under no compulsion to act with due diligence in determining the correct party, regardless of the fact that *the correct party would have neither notice of the suit nor repose from it.*

*Tork–Hiis*, 558 Pa. at 176, 735 A.2d at 1259 (emphasis added). Thus, the Supreme Court held that citing a specific Commonwealth agency in place of "Commonwealth" after the statute of limitations had run "amounts to the addition of a new party and not merely the correction of a captioned party name." *Tork–Hiis*, 558 Pa. at 174–175, 735 A.2d at 1258.

In *Glover v. SEPTA*, 794 A.2d 410 (Pa. Cmwlth.2002), this Court was called upon to apply *Tork–Hiis* to a case very close to this one. In *Glover*, the plaintiff filed a complaint alleging that she sustained injuries after disembarking from a bus on Allegheny Avenue in Philadelphia. The caption of the complaint named the "Commonwealth of Pennsylvania Attorney General's Office," the Southeastern Pennsylvania Transportation Authority and the City of Philadelphia as defendants. *Id.* at 411. The *Glover* complaint averred that the "Commonwealth, Department of Transportation (hereinafter referred to as defendant DOT)" was a defendant. *Id.* at

---

**9.** Prior to our decision in *Tork–Hiis*, we had held that a specific agency could not be substituted for "Commonwealth." *See, e.g., Gitto v. Plumstead Township*, 159 Pa.Cmwlth. 668, 634 A.2d 683 (1993); *Spencer v. Pavlik*, 139 Pa.Cmwlth. 427, 590 A.2d 1342 (1991); *Garcia v. Commonwealth*, 131 Pa.Cmwlth. 327, 570 A.2d 137 (1990) and *Bainbridge v. Department of Transportation*, 125 Pa.Cmwlth. 406, 557 A.2d 456 (1989). In *Gitto, Garcia* and *Bainbridge*, the pleadings did not identify a specific Commonwealth agency either in the caption or in the body of the complaint. In *Spencer*, the body of the third-party complaint stated that "DOT" had the duty to maintain the roads; however, the complaint stated that it was the negligence of the "Commonwealth" that had caused the harm. We explained that the "mere reference to a separate and distinct party in a motion, body of a pleading, or *ad damnum* clause, is as a matter of law, insufficient to make that party a participant in the action." *Spencer*, 590 A.2d at 1346.

**10.** The Supreme Court suggested that the asset analysis was more appropriate where the litigation involves private, not public, parties. *Id.* at 176, 735 A.2d at 1259.

412 n. 2. The Attorney General answered by stating that "DOT" was not a party. The Commonwealth filed a motion for judgment on the pleadings on grounds of sovereign immunity. It argued that one reference to "DOT" in the body of the complaint did not make the Department of Transportation a party.

The trial court granted the Commonwealth's motion. Relying upon long-standing precedent that a "mere reference" in a complaint to a third party does not make that third party a defendant, *Spencer*, 590 A.2d at 1346, this Court affirmed. We also noted that the Pennsylvania Rules of Civil Procedure required that the caption of the complaint must name all the parties.[11]

Appellants believe that *Glover* can be distinguished from the present case. In *Glover*, the answer specifically denied that "DOT" was a party to the action. By contrast, here, the allegation that the Department of Transportation was a defendant was not denied. The Piehls further note that the Attorney General's answer responded to all factual allegations in their complaint relating to the negligence and liability of the Department of Transportation, demonstrating the Department's participation in this case since it was filed. The Piehls argue that we should treat this matter as presenting a clerical error that can be corrected by pleading amendment. In support, they direct the Court's attention to *Hall v. Acme Markets, Inc.*, 110 Pa.Cmwlth. 199, 532 A.2d 894 (1987).

In *Hall*, the plaintiff filed a complaint against several private parties seeking damages for injuries arising from a traffic accident. One of the original defendants joined the "Commonwealth" and "Thomas Larsen, Secretary of Transportation," as additional defendants. On appeal, this Court permitted the plaintiff to add the words "Department of Transportation" to both the caption and the body of the complaint after the statute of limitations had

---

11. PA. R.C.P. No. 1018 provides that the "caption of a complaint shall set forth the form of the action and the names of all the parties...." PA. R.C.P. No. 2102(2) governs the style of actions in suits involving the Commonwealth and states in relevant part:

> An action against a Commonwealth agency or party shall be styled in the following manner: Plaintiff v. _____ (Name of Agency or Party) of the Commonwealth of Pennsylvania.

Pa. R.C.P. No. 2102(2) applies to both the caption and body of the complaint. The explanatory note to PA. R.C.P. No. 2102 alerts practitioners to the need to name the specific Commonwealth agency. It states in relevant part:

> The Commonwealth is an entity distinct from a Commonwealth party. See Garcia v. Commonwealth of Pennsylvania et al., 131 Pa.Cmwlth. 327, 570 A.2d 137 (1990) and cases cited therein.

PA. R.C.P. No. 2102, note.

Notwithstanding this Court's choice of words in *Garcia*, a Commonwealth agency is "of the Commonwealth of Pennsylvania," not a separate legal person. PA. R.C.P. No. 2102(2). An administrative agency is to the Commonwealth what a "company" or a "division" is to its parent corporation. The division, or company, operates as a separate unit but it is not a legal person that can stand alone, separate from the corporation. This means, for example, that the division cannot sue the corporation of which it is part. Likewise, a Commonwealth agency cannot sue the Commonwealth, of which it is a part.

Pleading requirements do not alter the substantive law that the Commonwealth of Pennsylvania is a single sovereign entity, as is clear from Eleventh Amendment jurisprudence. *See, e.g., Zelinski v. Pennsylvania*, 282 F.Supp.2d 251, 263 (M.D.Pa.2003). This Court also follows the principle that the Commonwealth of Pennsylvania is a single legal person when acting as an employer. In *Kincel v. Commonwealth, Department of Transportation*, 867 A.2d 758 (Pa.Cmwlth.2005), this Court held that a State trooper could not sue the Department of Transportation for tort damages because he had collected workers' compensation for his injuries from his employer, the Commonwealth of Pennsylvania.

run. We reasoned that because the Secretary had been joined as a party prior to the expiration of the statute of limitations, the Secretary's agency had been involved in the litigation from the moment the suit was filed. Therefore, the omission of "Department of Transportation" was a technical defect that could be corrected after the statute of limitations had run. In a subsequent holding, we again explained that "in *Hall* the naming of the Commonwealth was a technical defect that could be remedied by amendment." *Bainbridge,* 557 A.2d at 457. The Piehls contend that, as did the plaintiffs in *Hall,* they wish only to correct a technical defect by adding the words "Department of Transportation" to the caption.

The Attorney General. argues that *Glover,* not *Hall,* is controlling here. He notes that the Attorney General entered an appearance and filed an answer on behalf of "Defendant Commonwealth of Pennsylvania." Thus, the Attorney General, who is required to represent the Commonwealth and all Commonwealth agencies, did not take up a defense of the Department of Transportation.[12] The Attorney General argues that unlike *Hall,* the Department of Transportation has not been involved in this litigation from inception.

We next turn to the pleadings in *Glover* and those in this case. In each, the captions were different; the averments and answers were different; the requests for relief were different; and the answers were different.

■ In *Glover,* the caption identified the defendant as the "Commonwealth of Pennsylvania, Attorney General's Office." *Glover,* 794 A.2d at 412. The Office of Attorney General is a Commonwealth agency and is not the Commonwealth. *Garcia,* 570 A.2d at 138. Further, the Attorney General's Office is a "Commonwealth party" within the meaning of Section 8501 of the Judicial Code, 42 Pa.C.S. § 8501. Thus, in *Glover,* the plaintiffs sought to substitute one agency, the Office of Attorney General, with another, *i.e.,* the Department of Transportation.[13]

■ In this case, by contrast, a specific agency was not named in the caption, only the "Commonwealth of Pennsylvania." This is not a substitution case like *Glover;* rather, it is a technical defect case like *Hall.* Indeed, the technical defect in the Piehl caption consists of the same three-word omission of "Department of Transportation" that occurred in *Hall.* Under *Hall,* the "technical" defect in the Piehls' caption is an amendable one.

**12.** Section 204(c) of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, 71 P.S. § 732–204(c), provides in relevant part:

The Attorney General shall represent the Commonwealth and all Commonwealth agencies in any action brought by or against the Commonwealth or its agencies.

**13.** "Commonwealth party" is defined under 42 Pa.C.S. § 8501 as a Commonwealth agency. Under 42 Pa.C.S. § 102, "Commonwealth agency" is defined as any executive agency or independent agency. Under that same section, "Executive agency" is defined as the Governor and the departments, boards,

commissions, authorities and other officers and agencies of the Commonwealth government, but the term does not include any court or other officer or agency of the unified judicial system, the General Assembly and its officers and agencies, or any independent agency. "Independent agency" is defined as boards, commissions, authorities and other agencies and officers of the Commonwealth government which are not subject to the policy supervision and control of the Governor, but the term does not include any court or other officer or agency of the unified judicial system or the General Assembly and its officers and agencies.

The averment in the Piehls' complaint naming the Department of Transportation as defendant is nearly identical to the analogous averment in the *Glover* complaint.[14] However, there is a critical difference. The Piehls used "Commonwealth" as the shorthand designation for "Department of Transportation of the Commonwealth of Pennsylvania" throughout its pleading. In *Glover*, the plaintiffs used the shorthand "DOT" to designate "Commonwealth of Pennsylvania, Department of Transportation." This difference in style has consequences because the *Glover* plaintiffs failed to make substantive allegations about "DOT;" they made only a "mere reference" to "DOT." *Spencer*, 590 A.2d at 1346 (holding that the "mere reference" to a third person in a complaint does not make that person a party litigant). By contrast, here, we must read the word "Commonwealth" where it appears in the complaint to mean "Department of Transportation," in accordance with the drafters' directions. Accordingly, where the complaint makes substantive allegations about the "Commonwealth," it makes them about the Department of Transportation.

The wording of the relief clause in the *Glover* complaint is similar to that in the Piehls' complaint, but critically different in meaning. The *Glover* complaint requested relief from the "Commonwealth," as does the Piehls' complaint. However, "Commonwealth" is the shorthand reference for Department of Transportation in the Piehls' complaint. The shorthand reference used in the *Glover* complaint was "DOT," and "DOT" did not appear in the relief clause. Thus, the Piehls' complaint seeks relief from the Department of Transportation.

 Finally, the answers filed in each case are also different in critical ways. In *Glover*, the answer stated that the Department of Transportation was not a party. Here, the answer did not deny the factual averment that the Department of Transportation was a defendant; it merely claimed that no response was required because the averment stated a conclusion of law.[15] The failure to deny a factual averment results in an admission.

The Attorney General attempted to avoid this result by characterizing paragraph 4 as a conclusion of law. There are several reasons why this ruse does not work. First, paragraph 3 of the complaint contains a statement about the meaning of the Judicial Code, and yet the Attorney General responded with "admitted." The Attorney General's inconsistent characterizations of paragraphs 3 and 4 cannot be reconciled. Second, the Attorney General's demand for strict proof of what is stated in paragraph 4 is rather puzzling.

14. The allegation in the *Glover* complaint stated as follows:

> 4. Defendant, Commonwealth of Pennsylvania, Department of Transportation (hereinafter referred to as defendant, "[DOT]") is an agency of the Commonwealth with offices located at 1400 Spring Garden Street, Philadelphia.

*Glover*, 794 A.2d at 412, n. 2.

15. Under the relevant Rules of Civil Procedure, a responsive pleading must "admit or deny each averment of fact in the preceding pleading ..." Pa. R.C.P. No. 1029(a). A responsive pleading is not required to an allega-

tion which is not an averment of fact. *Kappe Associates, Inc. v. Aetna Casualty & Surety Co.*, 234 Pa.Super. 627, 341 A.2d 516, 518 (1975). Whether an allegation is one of fact or law is determined by the context disclosing the circumstances and purpose of the allegation. *Srednick v. Sylak*, 343 Pa. 486, 492–493, 23 A.2d 333, 337 (1941). "Averments in a pleading to which no responsive pleading is required shall be deemed *to be denied.*" Pa. R.C.P. No. 1029(d) (emphasis added). The result is different for the failure to respond to a factual allegation, which requires a responsive pleading.

Does the Attorney General demand proof that the Department of Transportation is a Commonwealth agency or strict proof that it has offices on Spring Garden Street? Third, and most importantly, the demand for strict proof did not relieve the Attorney General of the burden to file a responsive pleading.

The answer to paragraph 4 must be treated as an admission that the Department of Transportation is a defendant.[16] An answer is required to "admit or deny each averment of fact." PA. R.C.P. No. 1029(a). The consequence of not following this rule is as follows:

> (b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. *A general denial or demand for proof . . . shall have the effect of admission.*

PA. R.C.P. No. 1029(b) (emphasis added). Here, the Attorney General did not offer even a general denial, and its demand for proof did not satisfy its obligation to file a responsive pleading. In short, the answer to paragraph 4, as worded, had the "effect of an admission." PA. R.C.P. No. 1029(b).[17]

We reject the Attorney General's argument that the outcome here is governed by *Glover* and not by *Hall.*[18] The small, but critical, differences between the pleadings at issue here and those in *Glover* make the *Glover* holding distinguishable. The Piehls' allegation that the Department of Transportation was a defendant was admitted; the Piehls alleged that the Department of Transportation was negligent and thereby harmed Linda Piehl; and the Piehls demanded relief of the Department of Transportation. These allegations are not "mere references" to a third party; they are substantive allegations that leave no doubt that the Department of Trans-

---

**16.** The dissent contends that it is irrelevant that the answer admitted the Complaint's allegation in paragraph 4 that the defendant was the "Department of Transportation of the Commonwealth of Pennsylvania." It is a sound proposition that an answer should not be dispositive of whether a complaint has succeeded in making a person a defendant, but here the Complaint made the Department of Transportation a defendant in paragraph 4.

The dissent believes that the caption trumps the substantive allegations in a complaint, noting that a person should not have to "dissect" a complaint to discover whether he is a party. The purpose of the notice to defend is to advise persons on whom a complaint is served to read the "claims set forth in the following pages" of the complaint, not just the caption. PA. R.C.P. No. 1018.1(b). The caption sets forth an abbreviation of what is in the body of the complaint. A caption may identify a "John Smith;" it is the complaint that identifies which John Smith is a defendant by describing who he is and where he resides. If the caption has the power to trump the remainder of the complaint, then all of this identifying information would have to be placed in the caption.

**17.** An exception to the PA. R.C.P. 1029(b) rule is provided where the defendant has made a reasonable investigation and is unable to determine the truth of the averment or where the averment states law. Neither exception applies here.

**18.** We reject the notion that *Tork–Hiis* overruled *Hall* either directly or *sub silentio.* *Hall* established that naming the Secretary of Transportation was sufficient to make the Department of Transportation a party. It established that in such a circumstance omitting "Department of Transportation" was a "technical" defect amenable to correction. In *Tork–Hiis,* the defect was not technical because plaintiffs named only the "Commonwealth" and did not make even one reference to any one of the many agencies of the Commonwealth. Apart from this important factual difference, in *Tork–Hiis,* the Supreme Court again reiterated that the inquiry in any case such as this is whether the right party was sued but under the wrong designation. If so, amendment is appropriate. *Tork–Hiis,* 558 Pa. at 175–176, 735 A.2d at 1258.

portation was the defendant to the action. Further, this is not a party substitution case, as was *Glover.* Rather, this is a case where the plaintiffs seek to correct a "technical defect" in the caption of the complaint. *Hall,* 532 A.2d at 897. Indeed, the only difference between this case and *Hall* is that the words "Department of Transportation" had to be added both to the body of the *Hall* complaint and to its caption; here, it is only the caption that requires this amendment.

*Tork–Hiis* established that it is inadequate to name the "Commonwealth of Pennsylvania" in a pleading filed to initiate a tort action against a Commonwealth agency; rather, the Commonwealth agency must also be identified. *Tork–Hiis,* 558 Pa. at 177, 735 A.2d at 1259. *Tork–Hiis* did not establish the principle that the caption is the exclusive way to establish party status. Indeed, we have been unable to find any authority to support the proposition that if a complaint correctly identifies a defendant in the body of the complaint but fails to do so in the caption, that the caption's designation is controlling. Where the correct party is sued but under a wrong designation, our Supreme Court has long directed that a correction to the party name should be allowed in such a circumstance. *Tork–Hiis,* 558 Pa. at 175–176, 735 A.2d at 1258; *Gozdonovic,* 357 Pa. at 29, 53 A.2d at 76. It should be allowed here.

The Attorney General does not assert that the Department of Transportation lacked actual notice of the Piehls' claim, only that it does not matter.[19] Actual no-

tice does matter. Indeed, the lack of notice to a Commonwealth agency was a stated explanation for the Supreme Court's ruling in *Tork–Hiis* 558 Pa. at 176, 735 A.2d at 1259. We are mindful also of the general and longstanding principle that pleading amendments under Pennsylvania Rule of Civil Procedure No. 1033 should be allowed with great liberality in order to advance the policy that cases be disposed of on their merits and not on technicalities. 3 GOODRICH-AMRAM 2D § 1033:6. To give the caption of a complaint talismanic significance is at odds with the policy expressed in *Tork–Hiis* and in the Pennsylvania Rules of Civil Procedure. We hold that the amendment to the caption of the complaint requested by the Piehls should have been allowed.

For these reasons, the trial court is reversed.

### ORDER

AND NOW, this 27th day of July, 2007, the order of Court of Common Pleas of Philadelphia County, dated May 23, 2005, is hereby reversed, and the matter is remanded for further proceedings consistent with the attached opinion.

*Jurisdiction relinquished.*

DISSENTING OPINION BY Judge SIMPSON.

I respectfully dissent from the majority's conclusion that the designation of the "Commonwealth of Pennsylvania" as a party on the notice to defend and in the caption on the first page of a complaint can be modified by averments deeper in the pleading. For the following reasons, I would affirm.

---

**19.** The Judicial Code required advance written notice be given to the Department of Transportation in order for the Piehls to be able to file a complaint. 42 Pa.C.S. § 5522(a).

In essence, I do not believe an entity is required to dissect original process to determine if it may be a party. Rather, all parties, including Commonwealth parties, are entitled to rely on the face of original process to determine if further action is warranted. This is consistent with the Rules of Civil Procedure Nos. 1018 (the caption of a complaint shall set forth the names of all the parties) and 1018.1. *See* Pa. R.C.P. No. 1018.1, Explanatory Comment–1975 ("Rule 1018.1 is universal, applying without distinction to all types of cause of action and to all parties defendant.") Thus, I believe this case is controlled by the Court's recent decision in *Glover v. SEPTA,* 794 A.2d 410 (Pa. Cmwlth.2002) (caption naming "Commonwealth of Pennsylvania Attorney General's Office" does not designate PennDOT as party defendant, despite reference in body of complaint).

Further, I disagree with the majority's rationale to the extent it relies on a *defendant's* post-statute responses to determine whether a *plaintiff* properly identified a party in original process. Nevertheless, it is noteworthy that the named Defendant, Commonwealth of Pennsylvania, clearly and repeatedly stated that its answers were on its own behalf only. Reproduced Record (R.R.) at 9a–13a. Further, in paragraph 29 of New Matter, it averred: "The Commonwealth of Pennsylvania has not waived the sovereign immunity and therefore is *not a proper party* in the present action. 1 Pa.C.S. § 2310." R.R. at 14a (emphasis added.) The Pennsylvania Department of Transportation (PennDOT) is not referenced at all in this responsive pleading. These Commonwealth responses cannot fairly be deemed admissions that PennDOT is a proper party misnamed as the Commonwealth, nor can they bind PennDOT.

For these reasons I would affirm the trial judge's grant of judgment on the pleadings to the Commonwealth of Pennsylvania.

Judge McGINLEY and Judge SMITH–RIBNER join in this dissent.